Commonwealth of Pennsylvania v. John Meany, Appellant, and John Baker.

*Public officers—Supervisors—Neglect of roads—Costs.*

The neglect of supervisors to maintain the public roads is a personal offense and when two supervisors are indicted for maintaining a nuisance, if one defendant is blameless, and some misconduct appears upon the part of the other, the jury may visit the costs on that one, as a penalty for conduct not sufficient to warrant a conviction.

Argued May 9, 1898. Appeal, No. 72, April T., 1898, by John Meany, from sentence of Q. S. Beaver Co., Sept. Sess., 1896, No. 12, on sentence to pay costs, and on verdict of not guilty. Before RICE, P. J., WICKHAM, REEDER, ORLADY, SMITH and PORTER, JJ. Affirmed.

Indictment for maintaining a common nuisance. Before WILSON, P. J.

The facts sufficiently appear in the opinion of the court below, which is as follows :

Motion in arrest of judgment. Four reasons are assigned in the motion for arrest of judgment. The first three relate to the power of the jury to visit the cost on one of two defendants, jointly indicted as supervisors.

The defendants, George Baker and John Meany, were indicted as supervisors of Moon township, for "maintaining a common nuisance." The nuisance complained of was the neglect to repair a public road in said township. Upon the trial the defendants were acquitted and the costs visited upon John Meany, one of the defendants, by the verdict of the jury. The repairing of roads, a duty assumed by supervisors upon their taking upon themselves the burdens of office, is ministerial. Where there are two or more road supervisors in a township, the roads are apportioned amongst them for the sake of convenience. The road complained of was taken charge of by John Meany, whose duty was to keep the same in a safe and passable condition. It is true that the law does not provide expressly for such arrangements, but as it is not guilt but liability for costs that is under consideration, it is proper to consider this matter. The testimony disclosed no misconduct on the part of the defendant, George Baker, but there was ample, taking the testimony of the other defendant above and his conduct upon the witness stand, to warrant the jury in finding their verdict.

The offense charged or for which they were indicted was a personal one. They and not the people of the township were indicted. They were elected by the people and took upon themselves the duties and burdens of the office and thus agreed to perform all its proper duties. This was a personal

obligation.   The duty of repairing roads is one of these obligations or assumed burdens.   The power of the jury to impose costs on defendants in misconduct is statutory.   The power to place them upon one of two defendants in cases of acquittal in misdemeanor is admitted.   Then what is the difference if the defendants are indicted as supervisors if their offense charged is a personal one?   If the one defendant is blameless and some misconduct appears upon the part of the other, must the innocent suffer with the guilty or the guilty escape with the innocent, because forsooth they both are supervisors?

To support the defendants' theory advanced to set aside the verdict, logically, the township would be bound to remunerate its officers for losses and liabilities incurred through their own misconduct.   The reason that officers are held liable for misconduct in office, is to protect the rights of the public, the citizens of the township and others.   It is reversing the obligation to say that the township is to save its officers harmless from the consequences of their own misconduct.   Such a proposition needs no argument to show its fallacy.   As the offense was personal and the jury evidently visited the costs on one of the defendants as a deserved rebuke, admonition or penalty for conduct not sufficient to warrant a conviction, the verdict was lawful and within the power of the jury to render such a verdict.

The fourth reason, that the indictment is defective in that it does not conclude, " To the common nuisance of the citizens of the commonwealth of Pennsylvania," need not be considered, as an examination of the indictment discloses the fact that the above words are practically the same as appears therein.

The verdict indorsed on the indictment is as follows : " Defendants are not guilty, and defendant, John Meany, pay the costs."   Judgment was indorsed on indictment.   "Defendant, John Meany, sentenced to pay the costs of prosecution."   Defendant, John Meany, appealed.

*Errors assigned,* were (1) in overruling defendant's motion in arrest of judgment.   (2) In sentencing defendant John Meany to pay the costs.

*J. F. Reed,* for appellant.

*D. M. Twiford,* district attorney, with him *W. J. Mellon* and *Chas. R. Eckert,* for appellee.

PER CURIAM, July 29, 1898:

We find no error in this record. All that need be said in vindication of the judgment is contained in the opinion of the learned judge of the court below.

The judgment is affirmed, and the record remitted to the end that the sentence be carried into effect.