# Roofner's Appeal.

*Public officers — Township supervisors — Malfeasance in office— Counsel fees—Liability for.*

An attempted employment of an attorney in a matter in connection with which the municipality has no official duty, or which does not fall within the duties of the board or official making the

contract of employment, does not render the municipality liable to the attorney for his compensation.

Counsel fees and other expenses incurred by public officials in defending criminal charges, or charges of official misconduct, are incurred for a private purpose and cannot, in the absence of statutory provision therefor, be paid from public funds.

A report of the township auditors, permitting the payment of counsel fees for service in defending the township supervisors, in an indictment for failing to properly maintain a road, will be disapproved, and the supervisors surcharged with the amount of such fees.

Argued April 10, 1923.  Appeals, Nos. 4, 5 and 6, April T., 1923, by G. S. Zillefrow, Edward Toy and C. M. Ritchey, from decree of C. P. Armstrong Co., June T., 1921, No. 111, surcharging defendants as members of the Board of Supervisors, in re Appeal of C. C. Roofner from the Auditor's Report of East Franklin Township, Re-Account of the Board of Supervisors for the year ending the first Monday of December, 1920.  Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Exceptions to auditor's report.  Before KING, P. J.

The facts are stated in the opinion of the Superior Court.

The court sustained the exceptions and surcharged each of the supervisors, individually, with the amount allowed for counsel fees.  Defendants appealed.

*Error assigned*, among others, was the decree of the court.

C. E. Harrington, and with him *Floy C. Jones*, for appellants.

H. P. Boarts, for appellee.

OPINION BY GAWTHROP, J., July 12, 1923:

Appellants were the road supervisors of Franklin Township, Armstrong County. They were indicted and tried upon the charge of unlawfully neglecting and refusing to keep fit for public travel a certain public township road and allowing the same to become unsafe and dangerous for ordinary travel to the common nuisance of the citizens of the township. Toy and Zillefrow were acquitted and Ritchey was convicted. Judgment against the latter was arrested on the ground that the offense is no longer indictable in the court of quarter sessions, because, under section 240 of the Act of 1917, P. L. 840, known as "The General Township Act," exclusive jurisdiction of the offense was lodged in justices of the peace. Appellants paid out of the road funds of the township to their attorneys for professional services rendered in defending them on the trial of the indictment the sum of $150. The township auditors allowed the board of supervisors a credit for the counsel fees thus paid. An appeal was taken from the report of the township auditors to the common pleas, which sustained the appeal, disallowed the credit of $150 and surcharged the appellants with that amount. From that order comes this appeal. The correctness of the order is the only question involved.

The offense with which appellants were charged was official misconduct or neglect and refusal to perform their legal duties. While counsel have referred us to no Pennsylvania case directly in point and we have discovered none, the rule, as stated by the text writers and generally recognized in other jurisdictions, is that the power of a municipality or its appropriate officers to employ an attorney is limited to those matters in which the municipality has some official duty or which may probably be said to affect its interests. An attempted employment of an attorney in a matter in connection with which the municipality has no official duty, or which does not fall within the duties of the board or official making the contract of employment, does not render the munici-

pality liable to the attorney for his compensation: Dillon on Municipal Corporations, Vol. 2, paragraph 824, at page 1246. It is a fundamental principle that public funds shall not be used for private purposes. The offense for which appellants were indicted was a personal one: Com. v. John Meany, 8 Pa. Superior Ct. 224. Their obligation to pay their counsel was personal. From time out of mind in all governments where the common law prevails, a person prosecuted for crime has been compelled to pay his own expenses, when he had the means to do so. Counsel fees and other expenses incurred by public officials in defending criminal charges, or charges of official misconduct, are incurred for a private purpose and cannot, in the absence of statutory provision therefor be paid from public funds. It was held in New York that a legislative enactment purporting to authorize a city or town to defray such expense is illegal and void: Chapman v. New York, 168 N. Y. 80. It is not the duty of the public to defend or aid in the defense of one charged with official misconduct. When one accepts a public office he assumes the risk of defending himself even against unfounded accusations at his own expense. Personal liability of public officers for misconduct in office tends to protect the public and to secure honest and faithful service by such servants. It requires no extended argument to show the fallacy of the proposition that the township was liable to save the appellants harmless from the consequences of their own misconduct. Payment of these counsel fees by the township was a mere gratuity without even the sanction of custom or precedent. We agree with the learned court below that to permit such use of public funds is but to encourage a disregard of duty and to put a premium upon neglect or refusal of public officials to perform the duties imposed upon them by law.

The assignment of error is overruled, and the judgment is affirmed.