Larry Fiorelli and John Curren, Appellants v. City of Chester.

280

Argued April 5, 1978, before President Judge Bow-
man and Judges Crumlish, Jr., Wilkinson, Jr., Men-
cer, Rogers, Blatt and DiSalle.

*Alexander A. DiSanti,* with him *Richard, Brian,
DiSanti & Hamilton,* for appellants.

*Edward J. Zetusky, Jr.,* Assistant City Solicitor,
with him *Charles G. Nistico,* Assistant City Solicitor,
for appellee.

OPINION BY JUDGE WILKINSON, JR., May 17, 1978:

Two police officers of the City of Chester (City) appeal an order of the Court of Common Pleas of Delaware County dismissing their suit seeking to compel compliance with an arbitration award rendered pursuant to the Act of June 24, 1968, P.L. 237, *as amended*, 43 P.S. §217.1 et seq. (commonly referred to as Act 111). We reverse and remand.

In 1975, contract negotiations between the City and its policemen reached an impasse which resulted in a board of arbitrators being appointed pursuant to Act 111. The arbitrators returned an award for the calendar year 1976 which contained a provision providing that the City was to compensate police officers for counsel fees up to the sum of $10,000 incurred in criminal actions arising from the officer's duty where the officer expends the sum of $250 for the representation from his own or independent sources and where the officer is found not guilty of the charges.[1]

---

[1] The text of the disputed provision reads as follows:

(13) *Representation in Criminal Actions.*

The City shall be responsible up to the sum of ten thousand dollars ($10,000.00) for the payment of Police Officers' counsel fees earned during the calendar year 1976 in criminal actions arising from the officer's duty during the calendar year 1976, under the following circumstances:

1. In no event will the City be required to expend more than ten thousand dollars ($10,000.00) during the year 1976 for this benefit.

2. Any officer so charged with a criminal action arising from his duty shall have the right to select his own counsel.

3. No disbursements from this fund shall be made until after the officer shall have from his own funds or independent sources, expended the sum of two hundred and fifty dollars ($250.00) for his representation.

4. A committee appointed by the Police shall administer the fund and make payments from the fund for legal representation. Any dispute as to the reasonableness of the fee

In June 1976 appellants were charged with aggravated assault and conspiracy stemming from an arrest incident on April 28, 1976. The charges were dismissed following preliminary hearings. Incident to these charges appellants retained counsel and incurred legal expenses of $350 each. Requests for compensation from the City for $100 by each officer were denied and the appellants brought an action in assumpsit in the court below. The trial court, with two judges dissenting, sustained appellee's motion for judgment on the pleadings and dismissed the complaint. In its opinion, the court concluded the City lacked authority to make such payments under the provisions of The Third Class City Code, Act of June 23, 1931, P.L. 932, *as amended,* 53 P.S. §35101 et seq.

The first question raised by this appeal is whether The Third Class City Code prohibits partial reimbursement of legal expenses incurred by police officers charged and found not guilty of criminal conduct arising from their official duties rendering that provision of the arbitration award illegal and unenforceable. *See Washington Arbitration Case,* 436 Pa. 168, 259 A.2d 437 (1969).

The court below, in concluding that the disputed arbitration provision was illegal, relied on Sections 2403(53), 53 P.S. §37403(53), and 2403(53.1), added by the Act of July 10, 1975, P.L. 46, 53 P.S. §37403 (53.1). These provisions contain the express grant of authority to third class cities to purchase insurance for city officers and employees. In particular, Section

shall be submitted to a committee of three appointed by the President of the Delaware County Bar Association from amongst its members.

5. No payments whatsoever shall be made for legal representation unless and until the officer is found not guilty of all charges.

2403(53.1) provides that a city may "purchase insurance on officers and employes for liability arising from errors and omissions in the performance of their duties in the course of their employment, except that liability of elected and appointed officials or officers for surcharge in accordance with law shall not be affected hereby." The trial court interpreted this section authorizing the purchase of insurance for civil but not criminal actions as prohibiting the City from making the reimbursements in question. We cannot agree. They are entirely separate matters.

A contract provision providing that the individual police officer and his employer share the legal cost of a criminal action arising from the officer's performance of his official duties and where he is ultimately exonerated of the charge is not the purchase of insurance. The statutory grant of authority permitting the City to purchase insurance in behalf of employees and to insure against the risk of certain losses cannot in our opinion operate by necessary implication to negate the power of a municipality pursuant to Act 111 to agree to reimburse police officers for expenses incurred in criminal actions stemming from the policemen's performance of official duties.

Appellee's second argument asserts that the provision for reimbursement for legal fees is not within the scope of the allowable subjects of collective bargaining pursuant to Section 1 of Act 111, 43 P.S. §217.1, and thus an improper subject of an arbitration award.

Under Section 1 of Act 111, the right of police and firemen to bargain collectively extends only to matters which constitute "terms and conditions of their employment, including compensation, hours, working conditions, retirement, pensions and other benefits. . . ." Consequently, the permissible scope of an arbi-

tration award under Act 111 is likewise limited to legitimate terms and conditions of employment. Clearly the provision in dispute here falls under the general category of "other benefits." In defining the meaning of the term "other benefits" this Court has construed the statutory language as somewhat narrower than the common definition of the word "benefit" and has required that in order for a benefit to constitute a bargainable issue within the purview of Act 111 the benefit must bear a rational relationship to the performance of the officer's duty. *Fraternal Order of Police, E.B. Jermyn Lodge No. 2 v. City of Scranton*, 26 Pa. Commonwealth Ct. 513, 364 A.2d 753 (1976); *Cheltenham Township v. Cheltenham Township Police Department*, 11 Pa. Commonwealth Ct. 348, 312 A.2d 835 (1973). We believe that the benefit here at issue is within the limitation.

The language of the disputed provision of the arbitration award provides specifically that the legal fees must be incurred in defense of actions arising from the officer's duty. Therefore, at least facially it is "rationally related" thereto. Appellee relies on *Roofner's Appeal*, 81 Pa. Superior Ct. 482 (1923), for the proposition that counsel fees expended by a public officer in defending against actions resulting from conduct in office are incurred for a private purpose in which the municipality has no interest. The fundamental premise of *Roofner's Appeal, supra,* and the earlier case of *Miller v. Hastings Borough*, 25 Pa. Superior Ct. 569 (1904) that the municipality was not responsible for the acts of the police officers and therefore the City had no interest in or property right affected by the litigation has been rendered without force of reason by the abolition of the doctrine of governmental immunity. *See Ayala v. Philadelphia Board of Public Education*, 453 Pa. 584, 305 A.2d 877 (1973).

Therefore, appellee's reliance on *Roofner, supra,* for the proposition that counsel fees incurred by a police officer in an action arising from the performance of his duty are incurred for a private purpose and not in connection with a police officer's official duties, is misplaced. It is now clear beyond cavil that the outcome of the litigation against a municipal officer in a criminal action stemming from the performance of the officer's duty is a matter of vital interest to the municipality which may affect municipal rights and property.

Accordingly, we will enter the following

ORDER

AND NOW, May 17, 1978, the order of the Court of Common Pleas of Delaware County at No. 76-11190, dated May 19, 1977, is hereby reversed and the case remanded for further proceedings consistent with this opinion.