In Re: Certiorari of Arbitration Award Between Borough of Hollidaysburg and the Hollidaysburg Police Department Association. Borough of Hollidaysburg, Appellant.

Argued October 7, 1982, before Judges BLATT, CRAIG and MACPHAIL, sitting as a panel of three.

*T. Dean Lower*, for appellant.

*M. David Halpern, Jubelirer, Carothers, Krier, Halpern & Smith*, for appellee.

OPINION BY JUDGE MACPHAIL, December 20, 1982:

The Borough of Hollidaysburg (Borough) has appealed from an order of the Court of Common Pleas

of Blair County which denied the Borough's challenge to an arbitration award entered pursuant to the Act of June 24, 1968, P.L. 237, *as amended*, 43 P.S. §§217.1-217.10 (commonly referred to as Act III).

At issue here is an arbitration award rendered after the Borough and the Hollidaysburg Police Department Association (Association) reached an impasse on two issues during collective bargaining negotiations for the 1981 contract year. This appeal is limited to the arbitrator's[1] award regarding the Borough's responsibility to pay legal expenses and attorneys' fees incurred by police officers who are required to defend themselves against criminal charges brought against them as a result of or in the course of the performance of their duties as police officers. The arbitrator determined that such expenses should be paid by the Borough under certain circumstances.[2]

---

[1] We do not address the issue of whether the parties to the collective bargaining process under Act 111 may validly agree to the appointment of a single arbitrator rather than the three-member panel of arbitrators required by Section 4 of Act 111, 43 P.S. §217.4.

[2] The arbitrator's conclusions were as follows:

a. I believe that the police officer should be entitled to choose his own attorney. The defense of a criminal case is a highly personal matter of paramount importance to the individual charged. It is essential that he be entitled to make the sole choice of his attorney. There was little disagreement on this point. At the same time it is my conclusion in regard to (b) that, as the parties have agreed, the selection should be limited to members of the Blair County Bar Association only.

b. I cannot recommend that limits be placed on the amount allowed for the defense of a criminal prosecution. I would provide, however, that the Borough must be immediately advised of the cost of intended defense and that if it feels it to be unreasonable, that the matter be submitted to arbitration. Inflation and extenuating circumstances arising out of the uniqueness of criminal prosecutions make the imposition of limits impossible.

The court of common pleas subsequently denied the Borough's challenge to the award, concluding that the arbitrator did not exceed his powers in rendering the award and that the subject of legal expenses and attorneys' fees was within the permissible scope of an arbitration award under Act III.

Our scope of review in a case of this nature is restricted to questions of jurisdiction, the regularity of the proceedings, questions of excess in the arbitrator's exercise of powers and constitutional questions. *De Carbo, DeSanzo, Brest and Leymarie v. Elwood City,* 3 Pa. Commonwealth Ct. 569, 284 A.2d 342 (1971). In the instant case the Borough contends that the arbitrator exceeded his powers by requiring the Borough to perform an illegal act because, they argue,

c. I conclude that the payment of such funds to the attorney must be immediate if required by that attorney. In the event that the police officer is found guilty or enters a plea of guilty or enters a plea of nolo contendre, he is immediately liable to reimburse the Borough. I realize that there may be situations where it may be impossible financially for the officer to do so. However, to expect a criminal attorney to act on, in effect, a contingent fee basis is not only impractical but I believe also unethical. A rule otherwise, in addition, would effectively limit the selection of qualified criminal attorneys since I am not aware of any lawyers who would agree to accept a case on such basis.

d. In the event that a police officer is found guilty of lesser charges, I believe as a general rule the Borough should not be responsible for the payment. However, I believe this should be arbitrated on a case by case basis.

e. In regard to appeals, it is my conclusion that the Borough is only obligated to finance an appeal if it agrees to. Thus, each case would be handled on an individual basis, that is, the Borough is not obligated to finance an appeal but is not precluded either. I believe there will be cases in which the Borough would, in fact, prefer to stand behind an officer if it feels justice has not been done in the lower court.

there is no statutory authority for the Borough to make such payments. The Association urges that the award should be upheld since there is no statutory prohibition against a borough making such payments.

Act III provides for collective bargaining between firemen or policemen and their employers and provides for binding arbitration when an impasse is reached. In reaching a collective bargaining agreement, it is clear that the municipal corporation can agree to exercise only those powers expressly conferred upon it by the legislature. *Borough of Ambridge Appeal*, 53 Pa. Commonwealth Ct. 251, 417 A.2d 291 (1980). An arbitration award is likewise circumscribed and has no validity where it would require the public employer to accept a duty in excess of its statutory powers. *Cheltenham Township v. Cheltenham Township Police Department*, 11 Pa. Commonwealth Ct. 348, 312 A.2d 835 (1973).

The Borough cites the case of *Roofner's Appeal*, 81 Pa. Superior Ct. 482 (1923) to support its argument that the arbitrator's award in this case requires the Borough to perform an act beyond its legal powers. In *Roofner's Appeal*, 81 Pa. Superior Ct. at 485, the Superior Court specifically held that:

> Counsel fees and other expenses incurred by public officials in defending criminal charges, or charges of official misconduct, are incurred for a private purpose and cannot, *in the absence of statutory provision therefor* be paid from public funds. (Emphasis added.)

Our research has disclosed, however, that there is recent statutory authority which allows a borough to pay for certain legal costs incurred by its police officers. Section 1(b) of the Act of June 27, 1968 (Act of 1968), P.L. 271, *as amended,* 53 P.S. §639(b) provides as follows:

Any borough, town or township may, through collective bargaining or otherwise, enter into a written agreement by or on behalf of its police officers to pay specified and reasonable legal expenses and attorneys' fees incurred in the defense of any criminal action initiated against any such officer as a result of acts performed by such officer in the scope and course of employment as a police officer. Such agreement and/or payment shall be permitted only in criminal actions wherein the prosecution of charges against such officer has been withdrawn, dismissed or terminated by the entry of a nolle prosequi or by an adjudication of not guilty.

Thus, there was clear statutory authority for the Borough to engage in collective bargaining on the subject of legal defense expenses. *See also Fiorelli v. City of Chester*, 35 Pa. Commonwealth Ct. 279, 386 A.2d 1040 (1978) (reimbursement for legal fees is a permitted subject of collective bargaining under Act III). Similarly, this subject would be within the permissible scope of an arbitration award and such an award would be valid if consistent with the requirements of Section 1(b) of the Act of 1968.

Our analysis of the arbitrator's award in this case convinces us that certain aspects of the award are inconsistent with Section 1(b). For example, we note that the arbitrator does not recommend that a limit be placed on the amount allowed for a police officer's defense of a criminal prosecution. Section 1(b) requires, however, that the written agreement provide for the payment of *"specified* and reasonable legal expenses and attorneys' fees."* (Emphasis added.) We believe that this provision requires that the agreement *itself* specify the maximum payment for which

426

a borough would be liable. Other provisions of the award are more difficult to analyze in comparison with Section 1(b).

We realize that neither the parties, the arbitrator nor the court of common pleas have considered the effect of Section 1(b) of the Act of 1968 on the award in this case. In light of the importance of Section 1(b) to the award here we think that, rather than undertake a detailed analysis of the award in this appeal, the more appropriate course would be to order a remand to enable the arbitrator to reconsider his actions in light of the requirements of Section 1(b). It is, of course, the arbitrator's duty in the first instance to draft the award and we believe that under the circumstances of this case he should be given an opportunity to exercise his authority pursuant to applicable law.

We, accordingly, will remand this matter to the court of common pleas for further proceedings consistent with the foregoing opinion.

ORDER

It is ordered that the order of the Court of Common Pleas of Blair County, dated December 8, 1981, is vacated and the case is remanded for further proceedings consistent with the foregoing opinion.