**McClure v. Township of Bristol**

*Lawrence E. Brinkman,* for plaintiff.
*William Carlin,* for defendant.

BORTNER, *J.,* August 22, 1989 — Defendant has filed a petition to strike and/or open judgment. We hereby deny said petition and set forth our reasons below.

In June 1987, the Bristol Township Council hired Attorney John M. McClure to represent Council in the defense of a lawsuit filed against them and Donald B. McCoy, Esq., the township solicitor, by the township mayor, Edna M. Roth, in the case captioned *Roth v. McCoy,* 49 D.&C. 3d 390 (1989). Throughout the litigation in the above-captioned case, Roth refused to sign any township checks in payment for McClure's services. Consequently, McClure brought this instant action on December 28, 1988, to secure payment (no. 88-10105).

On December 28, 1988, the complaint was served on the Council president at a special meeting of Council. A majority of Council then voted to plead "no defense" to the complaint.

Pursuant to such vote, a praecipe to enter judgment by consent against defendant Bristol Township was filed on December 29, 1988. Accordingly, a writ of execution was issued on the praecipe by plaintiff.

On January 11, 1989, the Bucks County Sheriff's Department levied on 10 motor vehicles belonging to the township. Said vehicles were scheduled by the sheriff to be sold on February 17, 1989.

However, on that same day, attorneys for the township presented a petition to stay or set aside the execution to the Honorable William Hart Rufe III. Judge Rufe entered an order releasing the vehicles from levy on the condition that a fund of $10,500 be set aside to secure the execution. The order further precluded execution on the fund prior to February

17, 1989, thereby giving the township an opportunity to obtain an order by this court.[1] On February 17, 1989, McClure filed a new praecipe for a writ of execution in order to execute on the $10,500 fund. When the sheriff's deputy proceeded to the bank where the fund was located, bank officials refused to release said fund.

In response to McClure's efforts to satisfy his judgment, attorneys for the township filed a petition to strike off or open judgment. The petition stated, inter alia, that the judgment entered against Bristol Township, "was taken without the consent and/or approval of the chief executive officer of the township."

On February 24, 1989, we held a conference in chambers at which time we requested briefs of each party on the narrow issue of whether or not Council had the authority to consent to judgment being entered against Bristol Township in a lawsuit filed against the township. Subsequently, we ordered a rule to show cause why the instant judgment should not be stricken.

Upon consideration of the Bristol Township Administrative Code which was adopted to govern Bristol Township administration in conjunction with the First Class Township Code and Plan C of the Home Rule Charter Optional Plans Law, Act 62 of 1972, we find that Council has the authority to take official action in binding the township in litigation, including consenting to judgment.[2]

1. McClure's action no. 88-10105 was ordered by Judge Rufe to be consolidated with Roth's action no. 87-3843.

2. The Bristol Township Administrative Code was adopted by Council as Ordinance no. 1 of 1986 to effectuate the adoption of the Plan C government. The Optional Plan C of the Home Rule Charter and Optional Plans Law, section 101 enacted April 13, 1972 is codified at 53 Pa.C.S. §1-101 et seq. The First-Class Township Code, P.L. 1206, Art. 1, §101 was re-enacted, revised, amended and

The following provisions reveal that the policy decision on whether or not to defend a lawsuit rests with council. Pursuant to the First Class Township Code, townships may sue and be sued (53 P.S. §56501). Further, the corporate power of a township is vested in the board of township commissioners (53 P.S. §56502).

Plan C of Act 62 divides the powers and duties of the municipal government between the executive and council. Section 511 of Act 62 directs that the legislative power of the municipality be exercised by the municipal council (53 P.S. §1-511). On the other hand, section 702 provides that the executive (mayor) shall enforce the ordinances of the municipality and make recommendations for action by the council as (s)he deems in the public interest (53 P.S. §1-702).

Finally, the Administrative Code most clearly draws the line that divides the power between the two branches. The code confers all legislative powers and duties of the township on the council who shall take all official actions by ordinance, resolution or motion at public meetings. (Administrative Code, sections 307 and 308). In addition, the code permits the executive to attend council meetings and participate in discussions, but specifically states that the executive shall have no vote. (Administrative Code, sections 204B and 305B).

Furthermore, the power to settle a claim rests with council. In *Public Defense Association v. City of Pittsburgh,* 9 D.&C. 474 (1922), the court held that the council could settle a claim against the city despite the mayor's veto and the solicitor's opinion

consolidated May 27, 1949 at P.L. 1955, §1 and is now codified at 53 Pa.C.S. §1-101 et seq. The First-Class Township Code, P.L. 1206, Art. 1, §101, was re-enacted, revised, amended and consolidated May 27, 1949 at P.L. 1955, §1 and is now codified at 53 Pa.C.S. §55101 et seq.

that the city was not liable. The court reasoned that council could settle if they were convinced that settlement was in the best interests of the city. Clearly, the Bristol Township Council at the special meeting on December 28, 1988, found it in the best interest of the township to consent to judgment.

Defendant frames the issue as whether or not Council had the power to hire McClure to defend Council in the lawsuit filed by Edna Roth against Council and the solicitor, Donald B. McCoy. Defendant alleges that since Council had no authority to retain McClure, there was no basis for the entry of judgment in the instant case.

Defendant contends that Council had no authority to hire McClure because a municipality may not provide funds for the defense of an official in a civil action for which no benefit inures to the municipality. Defendant argues that the defense of Donald B. McCoy was merely personal in nature because it involves the retention of his job as solicitor.

To support its argument that Council had no authority to hire plaintiff and thus the contract entered into between Bristol Township and plaintiff was ultra vires, defendant relies upon *Roofner's Appeal,* 81 Pa. Super. 482 (1923). In *Roofner's Appeal* the Pennsylvania Superior Court held that the attempted employment of an attorney in a matter in which the township had no official duty did not render the township liable to the attorney for his compensation.

*Roofner's Appeal* is easily distinguishable from the instant facts. The council fees incurred in *Roofner's Appeal* were incurred by the board members for their own purpose of defending criminal charges and charges of official misconduct brought against them. Under the facts before us, Roth brought suit against Council and Solicitor McCoy

for exercising official discretion. The Council had no choice but to defend Roth's action for a mandatory injunction seeking to force Council to consent to her appointment of another solicitor. Since Council's action in defense of Roth's suit was necessary and proper, we find their hiring of McClure in the public's interest. This is especially true in light of the fact that Solicitor McCoy was unable to provide a legal defense for Council as a result of being named a defendant in the same action.

Finally, defendant alleges that service of plaintiff's complaint was attempted by someone other than the sheriff of Bucks County in violation of Pa.R.C.P. 400(a). Defendant contends that such improper service therefore requires dismissal of the complaint and striking of plaintiff's judgment. The record shows that the complaint was in fact personally served by a Bucks County deputy sheriff upon the president of the Bristol Township Council, James McCullen at the Council meeting on December 28, 1989, at 8:00 p.m.

## ORDER

And now, August 22, 1989, defendant's motion to strike off or open judgment is denied.