Philadelphia Fire Officers Association, Appellant, *v.* Pennsylvania Labor Relations Board, Appellee.

Argued April 2, 1975 before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*William F. Coyle,* for appellant.

*Anthony J. Molloy,* Assistant Attorney General, with him *James F. Wildeman,* Assistant Attorney General, and *James L. Crawford,* Assistant Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, JR., April 25, 1975:

Appellant petitioned appellee, pursuant to Section 603 (c) of the Public Employe Relations Act (PERA), Act of June 23, 1970, P. L. 563, 43 P. S. §1101.603(c) (Supp. 1974-1975), to notify the public employer, the City of Philadelphia, to provide a public hearing, approve the proposed unit, issue an order for an election, and certify the name of the employe representative designated for purposes of collective bargaining by a majority of the employes in an appropriate unit. A number of collateral issues have been raised, but the fundamental and over-riding issue faced by both appellee and the court below and emphasized in the oral argument before this Court, which is dispositive of the matter, is whether the appellee has jurisdiction to entertain such a petition filed by fire officers employed by the City of Philadelphia. Appellee, with a unanimous vote of its members, and the court below, supported by an able and exhaustive opinion by Judge HIRSH, ruled that appellee did not have such jurisdiction. We must affirm.

There is no need to discuss at length or cite precedents for the proposition that appellee's authority is entirely statutory and if no statutory authority can be found, then appellee is without jurisdiction. This being so, appellant candidly stated before the trial examiner or appellee that it was in error to assert the authority of PERA in its petition and requested such reference be stricken from the petition. Unfortunately for its position, equal candor forced it to admit that it had no statutory authority to substitute in the petition:

"So I submit to the examiner that, although the Act (PERA) expressly excludes the members of our association as public employes, we have no place to go if we don't come before the Pennsylvania Labor Relations Board."

Very competent counsel for appellant has ingeniously worked out a theory in which he places the Pennsylvania Labor Relations Act (PLRA), Act of June 1, 1937, P. L. 1168, *as amended,* 43 P. S. §211.1 *et seq.,* and the Act of June 24, 1968, P. L. 237, *as amended,* 43 P. S. §217.1 *et seq.* (Supp. 1974-1975) (Act No. 111), which provides for binding arbitration for police and firemen, and PERA, in pari materia and selecting sections from each, asserts that appellee has jurisdiction. If we understand this ingenious theory properly, it is that PLRA, in 1937, provided jurisdiction for appellee to entertain petitions for representation from all employes but excludes the Commonwealth and its political subdivisions from the definition of employer. Act 111, in 1968, provided for collective bargaining and compulsory binding arbitration for police and firemen, but did not confer any jurisdiction on appellee for any purpose. PERA, in 1970, gave jurisdiction to appellee to entertain petitions for representation from employes of the Commonwealth and its political subdivisions, and made the Commonwealth and its political subdivisions employers, albeit it excluded from its coverage employes covered by Act 111. Ergo, since the political subdivision of the Commonwealth is an employer by virtue of PERA, and since firemen can bargain by virtue of Act 111, and since appellee has jurisdiction to determine representation and proper bargaining units for employers in Pennsylvania, including the Commonwealth and its political subdivisions, it must follow that appellee has jurisdiction to entertain the petition in this matter.

The error of this logic is apparent—police and firemen are excluded from PERA and, therefore, the political subdivision is not an employer subject to the jurisdic-

490

tion of appellee as to them. While we are sympathetic to the difficult position of appellant in its effort to have the appropriateness of its unit determined in some forum[1], we do not find ourselves in a position to confer such jurisdiction on appellee. Only the Legislature can confer such authority.

Affirmed.

---

1. The very current decision of the Supreme Court of Pennsylvania, in *Hartshorn and Davis v. The County of Allegheny*, Pa. , 333 A.2d 914 (1975), would indicate that appellant's relief may be in mandamus before the Court of Common Pleas.