Robert Geriot, Individually and as a Member of the Class *v.* Council of the Borough of Darby. The Borough of Darby, Appellant.

Argued September 26, 1978, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., ROGERS, BLATT, DISALLE and MACPHAIL. Judges MENCER and CRAIG did not participate.

*Peter J. Nolan,* for appellant.

*Michael A. Paul,* with him *Richard, Brian, DiSanti & Hamilton,* for appellee.

OPINION BY JUDGE WILKINSON, JR., October 31, 1978:

The narrow issue to be decided in this case is whether the common pleas court has jurisdiction to

order a borough to abide by an arbitration award given under the provisions of the Act of June 24, 1968, P.L. 237, *as amended*, 43 P.S. §217.1 et seq., known as Act 111. We hold that it does not have such jurisdiction. The exclusive jurisdiction to enforce arbitration awards in disputes involving public employes under Act 111, as well as the Public Employe Relations Act, Act of July 23, 1970, P.L. 563, 43 P.S. §1101.101 et seq. (PERA), is in the Pennsylvania Labor Relations Board.

Refusing to comply with the provisions of an arbitration award is made an unfair labor practice by virtue of Section 1201 of PERA, 43 P.S. §1101.1201 (b)(8). PERA and Act 111 are to be read *in pari materia*. The exclusive jurisdiction to resolve charges of unfair labor practices is placed in the Pennsylvania Labor Relations Board by Section 1301 of PERA, 43 P.S. §1101.1301. The reasoning behind this is set forth by Justice POMEROY, speaking for a unanimous court, in *Philadelphia Fire Officers Association v. Pennsylvania Labor Relations Board,* 470 Pa. 550, 369 A.2d 259 (1977), *reversing,* 18 Pa. Commonwealth Ct. 487, 336 A.2d 477 (1975).

Appellees, policemen, received an arbitration award relating to wages. They assert that appellant is refusing to comply with the provisions of the award. They filed an action in mandamus in the court of common pleas. Appellant filed preliminary objections challenging the jurisdiction of the court. The trial court dismissed the preliminary objections and gave appellant 30 days to file an answer. This appeal followed.[1]

---

[1] Appellee filed a motion to quash the appeal to this Court on the ground that the Order was interlocutory. Since the appeal raised the question of jurisdiction the Order is appealable, albeit interlocutory. *See* Section 1 of the Act of March 5, 1925, P.L. 23, 12 P.S. §672; Pa. R.C.P. No. 1017.

The author of the opinion sympathizes with able counsel for appellee and with the trial court for, as author of this Court's opinion in *Philadelphia Fire Officers Association v. Pennsylvania Labor Relations Board, supra,* he took the position they take here and suggested in a footnote that the proper action in this situation was mandamus before the court of common pleas. We were reversed.

Accordingly, we will enter the following

ORDER

AND Now, October 31, 1978, the Order of the Court of Common Pleas of Delaware County, at 77-1819, Civil Action in Mandamus, dated July 27, 1977, dismissing defendant's Preliminary Objections is reversed, and the Complaint is dismissed for want of jurisdiction in the Common Pleas Court.