## Fire Fighters Association of Philadelphia v. City of Philadelphia

*Howard J. Casper*, for plaintiff.
*William F. Coyle* and *John M. McNally*, for defendant.

FORER, *J.*, November 1, 1979—At issue is the entitlement to union dues collected from fire department officers by the city and claimed by the

union and the employes from whom the dues were collected under a checkoff provision of a labor award.

On August 23, 1978, Local 22 filed an action in equity seeking a preliminary and permanent injunction against the city ordering the city to pay over to it dues checked off from 179 fire department officers who were members of plaintiff union and who had notified the city, but not plaintiff, that they no longer wished to have their dues checked off and paid to plaintiff and/or that they were withdrawing from membership in plaintiff union. The city appeared and disclaimed any interest other than as stakeholder. The Fire Officers Union and 170 of the affected firefighters intervened. The intervenors claimed that this court lacked jurisdiction and that Local 22 was not entitled to the dues in question.

Local 22 was and is the sole and exclusive representative and bargaining unit of the uniformed members of the Fire Department of the City of Philadelphia. Pursuant to a series of arbitration awards commencing in 1972 the city was authorized to deduct union dues. The award of June 6, 1976, which was applicable in August, 1978, contained the following provision:

"The City of Philadelphia agrees to deduct dues and initiation fee of Local 22 from the pay of those fire fighters who individually request in writing that such deductions be made. The amounts to be deducted shall be certified with the City of Philadelphia, by Local 22, and the aggregate deductions of all fire fighters shall be remitted together with an itemized statement to Local 22 by the last day of the succeeding month, after such deductions are made. This authorization shall be *irrevocable* by the fire fighter during the term of

this Award, except that it may be revoked, in writing, during a period of fifteen (15) days prior to the expiration of such Award, and, provided further, that that written notification is *received by the City of Philadelphia and Local 22, within the prescribed fifteen (15) days period* as aforesaid." (Emphasis supplied.)

In August, 1978, the amount forwarded to plaintiff union was materially less than in previous months.

It is undisputed that 179 fire officers notified the city either to discontinue the payroll deductions or that the officer was withdrawing from membership in Local 22 or both. No notice was given to Local 22 within the prescribed 15-day period.

On November 29, 1978, after a hearing, the taking of testimony and argument this court issued a temporary restraining order requiring the city to hold the dues in question in escrow. A $1,000 bond was required and posted. Thereafter, all personnel wishing to resign from Local 22 gave the prescribed notice. On August 20, 1979, the temporary restraining order was dissolved and the city was ordered to hold the dues already collected in escrow pending a final determination.

Intervenors asserted that the dispute was exclusively within the jurisdiction of the Pennsylvania Labor Relations Board, relying on Geriot v. Council of Borough of Darby, 38 Pa. Commonwealth Ct. 337, 394 A. 2d 1298 (1978), and Philadelphia Fire Officers Asso. v. P.L.R.B., 470 Pa. 550, 369 A. 2d 259 (1977). On March 20, 1979, this court entered an order "retaining jurisdiction and deferring action to permit plaintiff and intervenors to seek a determination from the Pa.L.R.B. as to whether it will take jurisdiction of the within matter." The

preliminary injunction remained in force. On June 6, 1979, Donald A. Wallace, Assistant Attorney General, sent counsel for plaintiff a letter containing the following statement:

"In response to your letter of May 23, 1979, please be advised that the Pennsylvania Labor Relations Board in a recent decision, City of Reading, 10 PPER 10113 (April 13, 1979), dismissed a petition filed by certain police officers pursuant to the Public Employe Relations Act and our Commonwealth Court's opinion in Geriot v. Council of Borough of Darby, [38] Pa. Commonwealth Ct. [337], 394 A. 2d 1298 (1978), on the ground that Geriot is in direct conflict with our Supreme Court's holding in Philadelphia Fire Officers Association v. PLRB, 470 Pa. 550, 369 A. 2d 259 (1977), that Act 111 is to be read in pari materia with the Pennsylvania Labor Relations Act, not the Public Employe Relations Act. Accordingly, my letter of May 13, 1979, should be interpreted to mean that the firefighters have no right to file unfair practice charges under the Public Employe Relations Act."

This court agrees with the ruling of the Assistant Attorney General. The Philadelphia Fire Fighters case, supra, involved an action in mandamus to compel the court to conduct an election. The Supreme Court held that the Pennsylvania Labor Relations Board had exclusive jurisdiction. The Geriot case, supra, also involved an action in mandamus to compel the borough council to enforce an arbitration order with respect to wages to be paid borough policemen. In Geriot, the court dismissed the demurrer and held that the court had jurisdiction. Pa.R.C.P. 247(a) [see now Judicial Code, 42 Pa.C.S.A. §933(b)], provides that a review of an

award of arbitrators in a dispute between a public employer and its employes shall be heard in the courts of common pleas. The Act of June 24, 1968, P.L. 237, 43 P.S. §217.1 et seq., must be read in pari materia with the Public Employe Relations Act of July 23, 1970, P.L. 563, 43 P.S. §1101.101 et seq. Conduct of an election is clearly a matter confided to the Labor Relations Board. Interpretation of an award is not. The award does not deal with union membership security and the case of Phila. Fed. of Teachers v. Bd. of Ed., 458 Pa. 342, 327 A. 2d 47 (1974), is inapplicable as is Sharon v. Rose of Sharon Lodge No. 3, 11 Pa. Commonwealth Ct. 277, 315 A. 2d 355 (1973). The 1976 arbitration award is within the scope of issues to be arbitrated.

Local 22 provided its members with forms to indicate that they wished a checkoff of dues. This form reads as follows:

"CITY OF PHILADELPHIA

"You are hereby authorized and empowered to withhold from my monthly pay the sum of _____ (_____) dollars as dues payable to CITY FIRE FIGHTERS' ASSOCIATION - LOCAL 22 I.A.F.F. - AFL-CIO which money you may pay over to the Treasurer of City Fire Fighters' Association, Local 22; this power and authority is *revocable by me in writing at any time and at my pleasure,* and shall not under any circumstances be construed as an assignment to the Union of any interest in pay, partial or otherwise, . . ." (Emphasis supplied.)

The form was in use prior to the 1976 arbitration but was never changed. Notices of the award were posted in all fire houses and contained in the publication sent by Local 22 to all its members.

The City Ordinance, sec. 19-203, authorizing checkoffs reads as follows:

"(2) Authorization for payroll deductions shall be made by employees in writing upon forms prescribed and furnished by the Director of Finance, and authorized deductions shall be made at such time in such manner as the Director of Finance may establish. (a) Authorization for payroll deductions may be revoked in writing by the authorizing employee in such manner as the Director of Finance may establish."

Although the union members knew or should have known the salient provisions of the award, the forms supplied by Local 22 clearly authorized the members to withdraw the authorization for the checkoff at any time. Therefore, it is unnecessary for this court to decide whether the provisions of the arbitration award do or could violate the provisions of the city ordinance.

Neither the award nor the ordinance speaks to the matter of resignations. It is obvious that resignation from any organization, including a union, is not effective unless it is sent to the organization.

Both Local 22 and the intervenors argue that equitable considerations should dictate the decision in this matter. Clearly Local 22 has an interest in maintaining its membership and the 15-day period provided in the award permits the union the opportunity to discuss problems with a member seeking to stop a checkoff of dues. The union establishes a budget based upon the size of its membership. The intervenors obviously do not wish to pay dues to two unions. These considerations, while significant, cannot override the clear language of the card authorizing the checkoff. A checkoff, while helpful in maintaining union membership, is not an essential criterion or factor in membership.

Accordingly the court finds that those employes requesting that payroll deductions be stopped should have the dues collected thereafter and held in escrow returned to them. Those employes who simply notified the city that they were withdrawing from the union did not effectively resign. Local 22 is entitled to the dues of these employes that are held in escrow.

• • •

## CONCLUSIONS OF LAW

1. This court has jurisdiction.

2. Under the authorization for dues withholding filed by the employe, the employe had the right to revoke that authorization at any time.

3. Each employe who filed with the city a notice requesting that dues deductions be stopped is entitled to have the dues deducted by the city and held in escrow from the date of the notice returned to him.