## Jack Gordon Samuels, Appellant *v.* Upper Darby Township, Appellee.

Argued April 10, 1980, before President Judge CRUMLISH and Judges BLATT and WILLIAMS, JR., sitting as a panel of three.

*John C. McDougall,* for appellant.

*Jay N. Goldstein,* with him *Robert J. Leitzell* and *Alvin S. Ackerman,* for appellee.

OPINION BY JUDGE BLATT, June 19, 1980:

Jack Gordon Samuels (appellant) appeals from an order of the Court of Common Pleas of Delaware County which dismissed his action in assumpsit against his employer, the appellee herein, Upper Darby Township (Township). The court found that it lacked jurisdiction.

In January of 1978, the appellant, who was an employee of the Township's police department, terminated his employment due to disability and requested that he be paid for his unused annual vacation of one month and for his annual paid holidays in 1978. The Township refused this request on the basis that the appellant had worked only six calendar days in 1978

and that his unused holiday and vacation time should be prorated according to the portion of the year he had actually worked.

Both parties agree that compensation for holidays and paid vacations was the subject of a binding arbitration award between the Township and the union representing the members of the police force pursuant to the Act of June 24, 1968, P.L. 237, *as amended,* (Act 111), 43 P.S. §217.1 et seq. The appellant contended that he was entitled to compensation for 1978 holidays and vacation days under the arbitration award, and that the Township had breached the award by denying his request therefor. The court below sustained the Township's preliminary objections and stated that courts of common pleas lack original jurisdiction over disputes pertaining to the interpretation of collective bargaining agreements or arbitration awards achieved pursuant to Act 111. We must affirm.

Act 111 provides for collective bargaining and binding arbitration for policemen and firemen but is generally lacking in the specific provisions normally found in a collective bargaining statute. We therefore held in *Geriot v. Council of Borough of Darby,* 38 Pa. Commonwealth Ct. 337, 394 A.2d 1298 (1978), that Act 111 is to be read in *pari materia* with the Public Employe Relations Act (PERA), Act of July 23, 1970, P.L. 563, 43 P.S. §1101.101 et seq., which provides a comprehensive scheme for dispute resolution.[1] Such a consonant reading of Act 111 and the PERA, we be-

---

[1] Prior to this Court's holding in *Geriot v. Council of Borough of Darby,* 38 Pa. Commonwealth Ct. 337, 394 A.2d 1298 (1978) it had been held that, because Act 111 does not provide for mandatory arbitration of disputes over the interpretation of labor contracts, a party to such a labor dispute could seek an interpretation of an Act 111 contract in the courts of common pleas in an assumpsit action. *Flood v. Borough of Canonsburg,* 28 Pa. Commonwealth Ct. 248, 368 A.2d 348 (1977).

lieve, reveals that common pleas courts do not have jurisdiction here, for Section 903 of the PERA[2] conclusively requires the "[a]rbitration of disputes or grievances arising out of the interpretation of the provision of a collective bargaining agreement."

Because this dispute does arguably involve the interpretation of a binding arbitration award, we believe that arbitration is required and that access to the courts of common pleas can be obtained only upon a petition for review of the arbitrator's decision pursuant to Section 933(b) of the Judicial Code, 42 Pa. C.S. §933(b).[3] *See North Star School District v. Pennsylvania Labor Relations Board,* 35 Pa. Commonwealth Ct. 429, 386 A.2d 1059 (1978).

### ORDER

AND Now, this 19th day of June, 1980, the order of the Court of Common Pleas of Delaware County is affirmed.

---

[2] 43 P.S. §1101.903.

[3] This Section provides that "each court of common pleas shall have jurisdiction of petitions for review of an award of arbitrators appointed in conformity with statute to arbitrate a dispute between a government agency, except a Commonwealth agency, and an employee of such agency."