DeCarbo, DeSanzo, Brest and Leymarie *v.*
Elwood City, et al.

Argued October 20, 1971, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MANDERINO, MENCER and ROGERS.

*George H. Hancher,* with him *Barletta & Hancher,* for appellants.

*Marvin A. Luxenberg,* with him *Keller & Luxenberg,* for appellees.

OPINION BY JUDGE MENCER, December 9, 1971:

The Act of June 24, 1968, P. L.    , No. 111, 43 P.S. §217.1 et seq., authorized resort to binding arbitration for the resolution of labor disputes between employees of police and fire departments and their public employers.. During the year 1968 the Borough of Ellwood City, Lawrence County, Pennsylvania, entered into labor negotiations with its policemen and firemen. When it became apparent that no voluntary agreement could be reached, the employees requested and obtained the appointment of a board of arbitrators as provided for by the statute. Thereafter, on April 8, 1969, the board of arbitrators filed their award setting basic salaries, providing for overtime pay and regulating hours of work.

On May 13, 1969, two complaints in mandamus were filed in the Court of Common Pleas of Lawrence County, naming the Borough of Ellwood City, Borough Council of Ellwood City and the President of the Borough Council of Ellwood City as defendants. One action was commenced by representative police employees and the other by representative fire department employees. The suits sought a judgment against the defendants to pass an ordinance and take whatever other action was needed to implement the arbitration award as required by the Act of June 24, 1968.

On October 21, 1969, a stipulation was entered into between the Borough of Ellwood City and all the full-time policemen and firemen of the Borough of Ellwood City, under the terms of which the parties to the stipulation agreed to complete compliance with the award of the board of arbitrators subject only to a court determination as to whether the award should be effec-

tive as of January 1, 1969, as provided by the terms of the award, or April 8, 1969, the date when the award was made. In response to that stipulation, an order of court was made on October 29, 1969, approving the stipulation and declaring that the sole issue to be determined by the court relative to the two mandamus actions was the question of the effective date of the award.

The lower court entered an order fixing the effective date of the award as April 8, 1969 and the representatives of the policemen and firemen have filed this appeal from that order.

Section 7(a) of the Act of June 24, 1968, P. L.    , No. 111, 43 P.S. §217.7(a), clearly provides that "[t]he determination of the majority of the board of arbitration thus established shall be final on the issue or issues in dispute and shall be binding upon the public employer and the policemen or firemen involved . . . . No appeal therefrom shall be allowed to any court . . . ." In *Washington Arbitration Case*, 436 Pa. 168, 259 A. 2d 437 (1969), it was held that where an appeal is prohibited by statute, or the decision of a panel is stated to be final, an appeal will lie to the Supreme Court only in the nature of a narrow certiorari, and the subjects of review are: (1) the question of jurisdiction; (2) the regularity of the proceedings before the panel; (3) questions of excess in exercise of powers; and (4) constitutional questions.

Here the Borough of Ellwood City did not seek an appeal from the determination of the board of arbitrators to the Supreme Court in the nature of narrow certiorari but merely refused to comply with the award and waited for the policemen and firemen to seek an order of mandamus.[1]  Thus, in the absence of any ap-

---

[1] Such a procedure was used by the Borough of East Lansdowne to gain judicial review in *Harney v. Russo*, 435 Pa. 183, 255 A. 2d

peal in the nature of narrow certiorari, and because of the clear directive of the language of the statute here applicable that the determination of the board of arbitration shall be final and binding upon the public employer and the policemen and firemen involved, we hold that the Court of Common Pleas of Lawrence County had no jurisdiction to determine the effective date of the award where such date had been set by the board of arbitrators. *Washington Arbitration Case, supra.* Parties cannot confer jurisdiction by consent. *Bell Appeal,* 396 Pa. 592, 152 A. 2d 731 (1959).

The stipulation entered into between the parties' counsel and approved by the court below cannot be construed to avoid the clear statutory requirement that the determination of the board of arbitrators shall be final. *See Lynch v. Metropolitan Life Insurance Company,* 422 Pa. 488, 222 A. 2d 925 (1966). Parties may bind themselves by stipulations so long as they do not affect the jurisdiction of the court and provided that the stipulations are not in contravention of peremptory statutory requirements. *Foley Brothers, Inc. v. Commonwealth,* 400 Pa. 584, 163 A. 2d 80 (1960); 83 C.J.S. Stipulations §10; *Muir v. Preferred Accident Insurance Company,* 203 Pa. 338, 53 A. 158 (1902). Here a court's function cannot be enlarged by stipulation any more than it could be limited or restricted by a stipulation. *Pittsburgh Miracle Mile Town & Country Shopping Center, Inc. v. Board of Property Assessment,* 417 Pa. 243, 209 A. 2d 394 (1965).

The question of whether the board of arbitrators exceeded its exercise of power when it fixed January 1, 1969 as the effective date of an award made April 8,

---

560 (1969). However, in that case the Borough presented a head-on attack under both state and federal constitutions upon the validity of the Act of June 24, 1968. There was no attempt to modify or change the arbitrators' award or any of its provisions.

1969 is not before us and we do not here decide that question. We merely hold that the Court of Common Pleas of Lawrence County had no jurisdiction to determine the effective date of the arbitrators' award in a mandamus action to compel compliance with the award.

Order of the Court of Common Pleas of Lawrence County is vacated.