City of Reading, Appellant, *v.* Reading Lodge Fraternal Order of Police No. 9, Appellee.

Argued September 5, 1974, before President Judge Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Mencer, Rogers and Blatt.

*Calvin Lieberman,* City Solicitor, with him *Peter F. Cianci,* First Assistant City Solicitor, *Adam B. Krafczek,* Assistant City Solicitor, *Robert F. Shapiro,* Assistant City Solicitor, and *H. Robert Goldstan,* Assistant City Solicitor, for appellant.

*Russell J. LaMarca,* for appellee.

Opinion by President Judge Bowman, October 3, 1974:

Pa. R.J.A. No. 2101, effective May 10, 1973, provides that review of an award of arbitrators appointed in conformity with an Act of Assembly to arbitrate a dispute between a public employer and employee shall be sought in the Commonwealth Court.

In this proceeding the City of Reading, a third class city, sought and was granted review of a provision of an arbitration award made under the Act of June 24, 1968, P. L. 237, 43 P.S. §217.1 et seq. (Supp. 1974-1975). (Commonly referred to as Act No. 111.)

In issue is paragraph 9 of the arbitration award, which provides:

"9. *Pensions*

"a. Members of the Police Pension Fund Association who shall have completed twenty (20) years continuous service in the Bureau of Police of the City of Reading and who shall have attained the age of fifty (50) years shall be entitled, upon retirement on application to the Police Pension Fund Association, to retirement benefits; except that those members who shall have completed twenty (20) years continuous service in the Bureau of Police on or before January 1, 1975, shall be eligible for retirement benefits on application to the Association, regardless of age, retroactive to the date of their retirement. Effective January 1, 1975, a police officer who has the required twenty (20) years continuous service but who has not attained the age of fifty (50) years shall be eligible to receive a pension reduced by three-tenths (3/10) of one percent for each month under the age of fifty years that the officer has attained on the date retirement benefits are scheduled to commence . . . ."

Appellant asserts this provision of the arbitration award to be unenforceable as violative of the statutory law governing the City of Reading. Section 4302 of the Third Class City Code, Act of June 23, 1931, P. L. 932, *as amended,* 53 P.S. §39302 (Supp. 1974-1975), requires a minimum continuous service of not less than twenty years for police retirement, then further provides "when any minimum age is prescribed, a minimum age of fifty years . . . ."

It is this provision—affording a third class city the option of prescribing a minimum age but requiring the age to be that of fifty years if the option is exercised—that appellant contends is violated by the disputed arbitration award.

Although we do not believe it is controlling, we note here that there is nothing in the record before us disclosing or suggesting that the City of Reading, by duly adopted ordinance, has ever exercised the power conferred upon it by Section 4302 in fixing any minimum age as an eligibility requirement for police pension.

The general subject of pensions is a bargainable issue under Act No. 111, being one of the enumerated subjects encompassed within its provisions. Thus, the general subject of pensions, upon an impasse in bargaining, becomes a proper subject of binding arbitration subject to the limitation that such an award may not require the governmental employer to perform a duty or take an action specifically or impliedly prohibited by the statutory law governing its affairs. *Washington Arbitration Case,* 436 Pa. 168, 259 A. 2d 437 (1969) ; *Cheltenham Township v. Cheltenham Township Police Department,* 11 Pa. Commonwealth Ct. 348, 312 A. 2d 835 (1973) ; *Allegheny County Firefighters, Local 1038, International Association of Firefighters v. Allegheny County,* 7 Pa. Commonwealth Ct. 81, 299 A. 2d 60 (1973).

The statutory law relied upon by appellant does not itself preclude the City of Reading from giving effect to the disputed arbitration award. The only statutorily imposed requirement for police pensions is that of continuous twenty year service. The statutory option afforded to such cities to also fix a minimum age requirement, in which event it must be that of fifty years, does not, in our opinion, operate to make the disputed award unlawful or inoperative. The award is not action taken by the appellant but rather action taken by the arbitra-

tors arising out of an impasse in bargaining. In *Washington, supra,* after reviewing the purposes and provisions of Act No. 111 and its enabling constitutional authority (Pa. Const. art. III, §31 (1968)), the Supreme Court said: "The essence of our decision is that an arbitration award may only require a public employer to do that which it could do voluntarily. We emphasize that this does *not* mean that a public employer may hide behind self-imposed legal restrictions." (Emphasis in original.) 436 Pa. at 177, 259 A. 2d at 442.

Here appellant could, and apparently did, voluntarily choose not to fix a minimum age requirement for police pension. To now argue that the arbitrators are bound by an option running in favor of the governing body and to exercise it only as prescribed by statute is nothing more than an attempt to hide behind a self-imposed legal restriction.

Award affirmed.