In Re: The Employees of Oil City Hospital *v.* Service Employees International Union, Local 227, AFL-CIO, Appellants.

Commonwealth of Pennsylvania, Pennsylvania Labor Relations Board, Appellant, *v.* Oil City Hospital, Appellee.

Argued March 3, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*James B. Brown,* with him *Louis B. Kushner,* and *Rothman, Gordon, Foreman and Groudine,* for appellant Union.

*James L. Crawford,* with him *James F. Wildeman* and *Raymond W. Cromer,* Assistant Attorneys General, for appellant, Pennsylvania Labor Relations Board.

*Robert L. Potter,* with him *Jonathan L. Alder, John T. Tierney, III, Reed, Smith, Shaw & McClay, William McFate,* and *McFate, McFate and McFate,* for appellee.

OPINION BY JUDGE ROGERS, March 31, 1975:

These are consolidated appeals by the Service Employees International Union, Local 227, and the Pennsylvania Labor Relations Board from an order of the Court of Common Pleas of Venango County setting aside an adjudication of the Board and ordering a new representation election of service employees of the Oil City Hospital.

The Oil City Hospital has filed a motion to quash the appellants' appeals, supported by an affidavit attesting that it is a private, nonprofit health institution receiving no grants or appropriations from any local, or the State or Federal government. The motion asserts that the Hospital is not a public employer as defined by Section 301.(1) of the Public Employe Relations Act, Act of July 23, 1970, P.L. 563, 43 P.S. §1101.301(1) (Supp. 1974-1975) and that therefore the Pennsylvania Labor Relations Board has no jurisdiction of the case. The appellee relies on *Brownsville General Hospital v. Pennsylvania Labor Relations Board,* 15 Pa. Commonwealth Ct. 428, 325 A.2d 662 (1974),[1] where this court held a

---

1. The Supreme Court of Pennsylvania has granted the Pennsylvania Labor Relations Board's petition for allowance of appeal from our order in *Brownsville.*

private, nonprofit hospital not to be a public employer although it received reimbursement for services rendered under Federal and State medical assistance programs and was a recipient in the past of construction funds from the Federal government.

*Brownsville, supra,* was decided October 1, 1974. All of proceedings below antedated October 1974 so that the parties, the Board and the lower court did not have the benefit of our holding in that case. Although no question of the Board's jurisdiction was raised below, the issue may be asserted by any party at any stage of the proceedings. *Brenner v. Sukenik,* 410 Pa. 324, 189 A.2d 246 (1963) ; *P.L.R.B. v. Frank,* 362 Pa. 537, 67 A.2d 78 (1949). The appellants note in their answers to the motion to quash that the appellee agreed on the record below that it was a public employer within the meaning of the Public Employe Relations Act. However, subject-matter jurisdiction cannot be created by agreement. *De-Carbo v. Elwood City,* 3 Pa. Commonwealth Ct. 569, 284 A.2d 342 (1971).

The record is silent on the question of the source and extent of public funds received by the hospital, and we may not, of course, resolve the jurisdictional issue on the facts asserted in the appellee's affidavit alone.[2]

Under the circumstances, we will remand the record with instructions to refer the case back to the Pennsylvania Labor Relations Board for the purpose of taking additional testimony to determine whether the appellee is a public employer within the meaning of the Public Employe Relations Act, and for further proceedings not inconsistent with this opinion.

The order of the court below is set aside, pending a determination of the jurisdictional issue, and the record is remanded for further proceedings consistent with this opinion. Costs of the appeal to abide the final result.

---

2. We note that in *Brownsville* the parties stipulated to the hospital's revenues and their sources.