Cary J. Skiles and Charles W. Colson, Individually and on behalf of all similarly situated employees of the Fire Department of the City of Lancaster, Appellants *v.* the City of Lancaster, et al., Appellees.

Argued February 2, 1976, before President Judge BOWMAN and Judges KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT. Judge CRUMLISH, JR. did not participate.

*Richard Kirschner*, with him *Richard H. Markowitz, Stephen C. Richman, Robert S. Pearlstein,* and *Markowitz & Kirschner,* for appellants.

*Stephen J. Weglarz*, with him *Michael J. Lotito,* and *Barley, Snyder, Cooper & Mueller,* for appellees.

OPINION BY JUDGE BLATT, May 24, 1976:

This is an appeal from a decision of the Court of Common Pleas of Lancaster County, dated July 11, 1975, which sustained the defendant's preliminary objections to the plaintiff's class action petition for a Writ of Mandamus and dismissed the petition. The City of Lancaster (City) and Local 319, International Association of Firefighters, AFL-CIO (Union) had entered into collective bargaining negotiations and, pursuant to Section 4 of Act 111,[1] had submitted the question of wage parity be-

---

1. Section 4, Act of June 24, 1968, P. L. 237, 43 P.S. §217.4, commonly referred to as Act 111, provides, *inter alia,* as follows:

"(a) If in any case of a dispute between a public employer and its policemen or firemen employes the collective bargaining process reaches an impasse and stalemate, or if the appropriate lawmaking body does not approve the agreement reached by collective bargaining, with the result that said employers and employes are unable to effect a settlement, then either party to the dispute, after written notice to the

tween city firemen and city policemen to binding arbitration. The decision of the Board of Arbitrators, dated December 17, 1974, provided a salary schedule for firemen which was fifty dollars less per year than the equivalent classification for policemen with respect to longevity increments.[2]

The appellants[3] here filed an action in mandamus to have the city equalize the salaries of firemen pursuant to City Ordinance 315-1/2, dated November 2, 1943, which provides, *inter alia,* that

> "the compensation and salaries of employees of the Lancaster City Fire Department be equalized with the compensation and salaries of other civil service employees now employed by the City of Lancaster, Pa."[4]

---

other party containing specifications of the issue or issues in dispute, may request the appointment of a board of arbitration.

"For purpose of this section, an impasse or stalemate shall be deemed to occur in the collective bargaining process if the parties do not reach a settlement of the issue or issues in dispute by way of a written agreement within thirty days after collective bargaining proceedings have been initiated."

2. The initial year of service was the one classification for which the salary schedule for firemen was equivalent to the police pay scale.

3. The appellants are a group of Lancaster firefighters who claim that they are seeking the vindication of the individual rights of the class which they allege to represent and that they are not in "privity" with the union which participated in the arbitration award. This argument is not persuasive and the proposition that members of a bargaining unit are not represented by the union in an Act 111 arbitration is untenable.

4. The arbitrator's decision pointed out that parity included "salary, wages and longevity" and that "the wage relationships between the firemen and police have been similar, but they have never been identical. They have never been based on the same number of hours worked; they have never been identical with respect to all fringes."

The court below, in a comprehensive opinion by Judge W. Hensel BROWN, ruled that it lacked subject matter jurisdiction and sustained the preliminary objections, finding that the instant action was, in effect, an appeal from the Act 111 arbitration panel's award and that, therefore, the appeal procedure was governed by Pa. R.J.A. No. 2101, which provides as follows:

"(a) Review of an award of arbitrators appointed in conformity with an Act of Assembly to arbitrate a dispute between a public employer and employee shall be sought excusively in the Commonwealth Court. The application for review shall be filed within thirty (30) days after the date of the award of the arbitrators."

It is clear that any review of the arbitrator's award must be taken pursaunt to this rule. In *DeCarbo, DeSanzo, Brest and Leymarie v. Elwood City,* 3 Pa. Commonwealth Ct. 569, 572, 284 A.2d 342, 343 (1971), we held that

"[s]ection 7(a) of [Act 111], 43 P. S. §217.7(a), clearly provides that '[t]he determination of the majority of the board of arbitration thus established shall be final on the issue or issues in dispute and shall be binding upon the public employer and the policemen or firemen involved. . . . No appeal therefrom shall be allowed to any court. . . .' In Washington Arbitration Case, 436 Pa. 168, 259 A.2d 437 (1969), it was held that where an appeal is prohibited by statute, or the decision of a panel is stated to be final, an appeal will lie to the Supreme Court only in the nature of a narrow certiorari, and the subjects of review are: (1) the question of jurisdiction; (2) the regularity of the proceedings before the panel; (3) questions of excess in exercise of powers; and (4) constitutional questions."

In *Community College of Beaver County v. Community College of Beaver County, Society of the Faculty (PSEA/*

*NEA)*, 17 Pa. Commonwealth Ct. 231, 235, 331 A.2d 921, 923 (1975), we held that Pa. R.J.A. No. 2101

> "was intended to at least afford judicial review of arbitration awards issued under the provisions of [Act 111], requiring binding arbitration in labor disputes between police and firemen and their employing political subdivision upon impasse in the collective bargaining process. . . . It seems clear that Pa. R.J.A. No. 2101 is intended to afford a limited right to seek judicial review of arbitration awards issued under that statute as being 'an award of arbitrators appointed in conformity with an Act of Assembly to arbitrate a dispute between a public employer and employe.' "

Inasmuch as appellants here failed to file an appeal pursuant to Pa. R.J.A. No. 2101 the lower court properly dismissed their petition.

The appellants argue, of course, that they do not seek to overturn or to review the arbitration award, but to enforce an independent city ordinance through the action of mandamus. We agree with the court below

> "that such an assertion is entirely inconsistent with the institution of this action and plaintiffs' position to date. It is inconceivable to this Court, that when a complaint (which itself pleads the award) seeks relief which is *inconsistent and contrary* to a binding Act 111 arbitration award and a party to that award is attempting not to be bound thereby, that such an award is not being overturned, reviewed or appealed. Without question the plaintiffs are asking this Court to review and overturn a binding arbitration award issued pursuant to Act 111. Such request is clearly an appeal from said arbitration award in the guise of a mandamus action." (Emphasis in original.)

The appellants further argue that the authorities cited for the proposition that appeals from awards of arbitrators must be taken pursuant to Pa. R.J.A. No. 2101 do

not apply here because they deal with situations where the award is "excessive" and here the award has not gone "far enough" in ordering relief, the salary levels granted being less than those which the union demands (*i.e.* "parity" with the police salaries). It is contended, therefore, that, because the instant case deals with an allegedly deficient award, *a fortiori*, the award is not in excess of the power conferred upon the arbitrator by law,[5] so that Pa. R.J.A. No. 2101 is not applicable and an action in mandamus is appropriate. It is obvious that this contention fails to recognize that a board of arbitrators acts in excess of its authority whenever it grants an improper award, without regard to whether the award is challenged as being "excessive" or "deficient."

We, therefore, issue the following

### ORDER

AND NOW, this 24th day of May, 1976, the order of the Court of Common Pleas of Lancaster County, dated July 11, 1973, is affirmed and the appellant's appeal is hereby dismissed.

JUDGE KRAMER did not participate in this decision in this case.

----

5. If an arbitration panel exceeds the limits of its authority, then it has "committed an excess in the exercise of power" which may be reviewed and corrected. *Washington Arbitration Case*, 436 Pa. 168, 174-175, 259 A.2d 437, 441 (1969).