John J. Poiarkoff et al. *v.* Town Council of the Borough of Aliquippa et al. Town Council of the Borough of Aliquippa, Vincent Tarriaizni, Borough Secretary of the Borough of Aliquippa, James Mansuetti, Mayor of the Borough of Aliquippa, Appellants.

Argued November 2, 1978, before Judges MENCER, DISALLE and CRAIG, sitting as a panel of three.

*Joseph M. Stanichak,* for appellants.

*John J. Ross,* for appellees.

OPINION BY JUDGE DiSALLE, January 10, 1979:

This is an appeal by the Borough of Aliquippa (Borough) from an order of the Court of Common Pleas of Beaver County directing that a writ of mandamus issue to require Borough to comply with an arbitration award entitling Borough's firemen (Appellees) to the additional sum of $1,400.00 each as salary for the year 1970.

On December 18, 1969, following Appellees' request for compulsory arbitration to resolve a collective bargaining dispute with Borough, the Board of Arbitra-

tors (Board) made an award providing, in pertinent part, as follows:[1]

A recent arbitration award has increased the salaries of Policemen by $1,400 effective January 1, 1970. There is persuasive evidence in the record of this case that this increase may result in a reduction of the police force because the financial situation of the Borough is precarious and may require a review of municipal priorities and services by the newly elected Borough Council which takes office in the new fiscal year. Since the Fire Fighters are concerned about the continuity of their employment, their base salaries for the fiscal year of 1970 shall be increased by $1,400 only under the following circumstances:

a) If Borough Council reduces the present number of Fire Fighters, or fails to keep the fire fighting force at its present level in cases of resignation, retirement or death within a reasonable time after such reduction; or

b) If Borough Council keeps the police force at at least 90% of its present strength for the first ten months of 1970.

On November 13, 1970, having determined that Borough maintained its police force at "at least 90%" of the December, 1969 level for the first ten months of 1970, thus fulfilling condition (b) of the award, the Board issued a supplemental award granting a $1,400.00 increase to each Appellee for the year 1970. The Borough did not appeal either the original or the supplemental award. On February 9, 1971, Appellees filed an action in mandamus to compel Borough to

---

[1] The parties submitted to binding arbitration pursuant to the Act of June 24, 1968, P.L. 237, 43 P.S. §217.1 et seq., commonly referred to as Act 111.

comply with the supplemental award. Borough filed preliminary objections, claiming that the Board exceeded its authority in fashioning the original award. The lower court, after finding that the rosters for both the Police Department and the Fire Department had remained the same from December 18, 1969, to the end of 1970, declared Borough's objections moot, and ordered that the writ of mandamus issue.

Borough argues that in fashioning an award which, in effect, penalizes it for either reducing the number of its firemen or failing to reduce the number of its policemen, the Board exceeded its authority, in that it unlawfully attempted to regulate the number of Borough's firemen and policemen. We need not reach this issue because we hold that Borough's failure to appeal either the original or the supplemental award constitutes a waiver of its right to contest the awards' lawfulness.

Section 7(a) of Act 111, 43 P.S. §217.7(a), states that "[t]he determination of the majority of the board of arbitration thus established shall be final on the issue or issues in dispute and shall be binding upon the public employer and the policemen or firemen involved. . . . No appeal therefrom shall be allowed to any court." In *Washington Arbitration Case,* 436 Pa. 168, 259 A.2d 437 (1969), our Supreme Court stated that where a statute prohibits appeal, an appeal pursuant to former Supreme Court Rule 68½ will nevertheless lie; said appeal being only in the nature of a narrow certiorari, with review limited to the question of jurisdiction, the regularity of proceedings, excessiveness in the exercise of powers, and constitutional questions.

In *DeCarbo v. Elwood City,* 3 Pa. Commonwealth Ct. 569, 284 A.2d 342 (1971), as in the case at bar, the city refused to comply with an arbitration award dealing with the salaries of policemen and firemen, and

waited for them to seek an order of mandamus. We vacated a lower court order altering the award, reasoning that "in the absence of any appeal in the nature of narrow certiorari, and because of the clear directive of the language of the statute here applicable that the determination of the board of arbitration shall be final and binding upon the public employer and the policemen and firemen involved . . . the [lower court] had no jurisdiction to [alter the board's award.]"[2]  *Id.* at 572-73, 284 A.2d at 344.

In *Skiles v. City of Lancaster*, 24 Pa. Commonwealth Ct. 580, 358 A.2d 131 (1976), after an arbitration award that created higher salary schedules for policemen than for firemen, the firemen brought an action in mandamus to equalize their salaries pursuant to a city ordinance. Although Pa. R.J.A. No. 2101[3] provided 30 days within which to appeal an arbitration award, the firemen failed to make timely appeal.

In affirming the lower court's action sustaining the city's preliminary objections, Judge BLATT, quoting the lower court, said:

'. . . It is inconceivable to this Court, that when a complaint (which itself pleads the award) seeks relief which is *inconsistent and contrary* to a binding Act 111 arbitration award and a party to that award is attempting not to

[2] It is true that in *Washington Aribtration, supra,* the Court, relying on *Harney v. Russo,* 435 Pa. 183, 255 A.2d 560 (1969), stated in a footnote that the City, rather than appeal the arbitration award, could simply have waited until the policemen brought an action in mandamus. In *DeCarbo, supra,* however, Judge MENCER distinguished *Harney,* pointing out that it involved a full-fledged attack upon the constitutionality of Act 111, as opposed to an attempt to modify or change an arbitrator's award, as is the case here.

[3] Similar provisions can now be found at Pa. R.C.P. No. 247 and Pa. R.A.P. 703. *See also* Sections 763 and 933 of the Judicial Code, 42 Pa. C.S. §§763 and 933.

be bound thereby, that such an award is not being overturned, reviewed or appealed. Without question the plaintiffs are asking this Court to review and overturn a binding arbitration award issued pursuant to Act 111. Such request is clearly an appeal from said arbitration award in the guise of a mandamus action.' (Emphasis in original.)

*Id.* at 584, 358 A.2d at 134. We went on to hold that because the firemen failed to appeal pursuant to Pa. R.J.A. No. 2101, the lower court properly dismissed their petition.

Similarly, Borough's failure to appeal in the instant case precludes it from contesting the award.

Affirmed.

### ORDER

AND Now, this 10th day of January, 1979, for the reasons stated herein, the order of the Court of Common Pleas of Beaver County, dated September 28, 1977, directing that a writ of mandamus issue forthwith, is hereby affirmed.