In Re: The Matter of the Arbitration Between the Borough of Ambridge and the Police Department. The Borough of Ambridge, Appellant.

Argued May 8, 1980, before Judges ROGERS, BLATT and WILLIAMS, JR., sitting as a panel of three.

*John F. Salopek,* for appellant.

*Craig E. Wynn,* with him *Arthur S. Herskovitz,* for appellee.

Opinion by Judge Williams, Jr., July 25, 1980:

This is an appeal by the Borough of Ambridge (Borough) from an order of the Court of Common Pleas of Beaver County that affirmed an award made by a Board of Arbitration (Board) to the police of the Borough.

Following unsuccessful collective bargaining negotiations between the Borough and its police, an arbitration hearing was held on March 16, 1979. On March 27, 1979 the Board entered an award pursuant to the provisions of the Act of June 24, 1968, P.L. 237 (Act 111).[1] The Borough appealed that part of the award that guaranteed Borough patrolmen a minimum work week of five days a week and forty hours a week. The court below ruled that Act 111 empowered the Board to make an award affecting the work hours of the Borough patrolmen.

That part of the award is challenged in this Court as being beyond the lawful scope of arbitration under Act 111. The Borough contends that the award, in fixing the minimum weekly work hours and work days, interferes with the borough's inherent managerial right to schedule its police as it deems necessary to serve community safety and welfare. We reject that argument.

Section 1 of Act 111 gives policemen the right to bargain collectively with public employers concerning the terms and conditions of employment, including compensation, *hours,* working conditions and other benefits, as well as the right to settle their grievances

---

[1] Act of June 24, 1968, P.L. 237, No. 111, §1 et seq., 43 P.S. §217.1 et seq.

or disputes in accordance with the terms of the Act, which provides for arbitration.[2]

Arbitrators have jurisdiction, under the Act, to enter an award as to a legitimate term or condition of employment falling within the statutorily permitted scope of collective bargaining. *Jeske v. Upper Yoder Township*, 44 Pa. Commonwealth Ct. 13, 403 A.2d 1010 (1979); *Cheltenham Township v. Cheltenham Police Department*, 8 Pa. Commonwealth Ct. 360, 301 A.2d 430 (1973). Section 1 of the Act expressly includes "hours" as a term or condition of employment. Therefore, the minimum number of weekly work hours, and the minimum distribution of those hours throughout the days of the week, are legitimate subjects of collective bargaining and of an arbitration award.

We recognize that an arbitration award has no validity where it would compel a public employer to perform an illegal act or commit the public employer to a duty exceeding its legal powers. *Washington Arbitration Case*, 436 Pa. 168, 259 A.2d 437 (1969); *City of Reading v. Reading Lodge Fraternal Order of Police No. 9*, 15 Pa. Commonwealth Ct. 344, 325 A.2d 675 (1974); *cf. Pennsylvania Labor Relations Board v. State College Area School District*, 461 Pa. 494, 337 A.2d 262 (1975). The award in the case at bar does not run afoul of that proscription.

A borough, as a municipal corporation, is but a creature of the state; and the authority of the state legislature over the powers of a municipal corporation is supreme. *E.g., Knauer v. Commonwealth of Pennsylvania*, 17 Pa. Commonwealth Ct. 360, 332 A.2d 589 (1975). A municipal corporation has no inherent powers and may do only those things which the legislature has placed within its power. *Knauer, supra.*

---

[2] 43 P.S. §217.1.

A borough, such as the instant appellant, derives its very power to have a police department from an act of the legislature, Section 1121 of The Borough Code.[3] It would seem strange, in light of that, to conclude that the legislature cannot validly regulate the relations between a borough and its police personnel, and make the hours of work a subject for collective bargaining and arbitration. By Act 111 the legislature has expressed its will to make hours of work one of the arbitrable terms and conditions of employment. If that policy decision is a failure of wisdom, this Court is not the institution to correct it.

The Borough also imputes error to the lower court's refusal to receive testimony as to the needs of the community, when considering the petition for review of the award. For that argument the appellant seeks support in Section 933(b) of the Judicial Code, 42 Pa. C. S. §933(b). We see nothing in that provision which requires or even permits the lower court to re-try issues of fact at that stage of proceedings. Judicial review of an arbitration award under Act 111 is in the nature of a narrow certiorari restricted to questions of law and the regularity of proceedings. *Washington Arbitration Case, supra.*

For the reasons set forth, we affirm the order of the court below.

## ORDER

AND Now, the 25th day of July, 1980, the order of the Court of Common Pleas of Beaver County, entered July 31, 1979, at No. 737 of 1979, is affirmed.

---

[3] Act of February 1, 1966, P.L. (1965) 1656, *as amended*, 53 P.S. §46121.