James Chirico, Thomas Newby, III and Brian Mc-Neill, Appellants *v.* Board of Supervisors for Newtown Township, Appellee.

Board of Supervisors for Newtown Township, Appellant *v.* James Chirico, Thomas Newby, III and Brian McNeill, Appellees.

Argued November 20, 1981, before Judges WILLIAMS, JR., MACPHAIL and PALLADINO, sitting as a panel of three.

*Alexander A. DiSanti, Richard, Brian, DiSanti & Hamilton,* for James Chirico, Thomas Newby, III and Brian McNeill.

*Bruce A. Irvine, Fronfield and DeFuria,* for Board of Supervisors for Newtown Township.

OPINION BY JUDGE MACPHAIL, December 31, 1981:

Following an impasse in collective bargaining between Newtown Township Police Department (Police) and the Board of Supervisors for Newtown Township (Township), the disputed issues were submitted to arbitration as required by Section 4 of the Act of June 24, 1968 (Act 111), P.L. 237, *as amended,* 43 P.S. §217.4. An award was made by a Board of Arbitration on December 27, 1974, for the calendar year 1975. Additionally, on November 29, 1975, a Board of Arbitration entered an award for the calendar year 1976.

Neither party has appealed from the awards and the appeal periods have now expired.[1]

Subsequent to the expiration of the appeal periods the Police brought an action in mandamus in the Court of Common Pleas of Delaware County to compel the Township to implement certain provisions of the aforesaid awards. Cross-appeals have been taken to various portions of that Court's decision dated November 13, 1980. In addition, the Township has filed a Motion to Quash the appeal of the Police for failure to file exceptions in the lower court within ten days of that Court's decision as required by Pa. R.C.P. No. 1038.

We shall first address the motion to quash. Rule 1038(d) states: "Within ten (10) days after notice of the filing of the *decision,* exceptions may be filed. . . . Matters not covered by exceptions are deemed waived. . . ." (Emphasis added.) Rule 1038(e) provides: "The prothonotary shall, on praecipe, enter final judgment on the decision if no exceptions have been filed within the ten (10) day period. . . . [E]xceptions shall be heard by the *court en banc. . . ."* (Emphasis added.) Reading these provisions together evidences an expectation that an initial decision would be filed by a trial judge, with exceptions, filed within ten days of the decision, to be heard by the lower court en banc. Absent exceptions, final judgment would be entered.

In this case, it is clear that there was a non-jury trial. That trial was conducted by Judge JEROME on November 7, 1977. On November 2, 1978, an opinion and order on the case was handed down by Judge

---

[1] At the time of these awards, the applicable rule regarding appeals from arbitration awards was Pa. R.J.A. No. 2101, which placed review exclusively in the Commonwealth Court, with the application for review required to be filed within thirty days of the date of the award.

DEFURIA.[2] In an order dated November 9, 1978, Judge DEFURIA withdrew the opinion and order of November 2. The order of November 9 said in part, "It is further ordered that the parties shall appear for Argument on a date and time to be set by this Court, *at which time said parties may file briefs and may orally argue any items of law or fact involved in the said suit."* (Emphasis added.)

After reargument, Judge DEFURIA handed down another opinion dated November 13, 1980 which appears to be the opinion of a court en banc. On the same date, November 13, 1980, the court entered judgment against Township. No exceptions were ever filed by either party in this case and no decision by the trial judge was ever filed as contemplated by Pa. R.C.P. No. 1038. Nevertheless, it appears that both parties had the opportunity under the court's order of November 9 to argue *any* issue of law or facts before a court en banc. More importantly, it does not appear that the Township ever raised the question of the procedures followed by the trial court which seemingly were in violation of the provisions of Pa. R.C.P. No. 1038.

This court is conscious of the many decisions of the appellate courts of Pennsylvania which hold that no appeal will lie from a non-jury trial until there is a final judgment and that there can be no final judgment until exceptions have been filed to the decision of the trial judge or the filing of such exceptions has been waived. In the instant case, there is a final judgment, albeit one which was not entered in accord with the rules of our Supreme Court. That Court has indicated, however, that the rules are to be liberally construed "to secure the just, speedy and inexpensive determi-

---

[2] It appears that Judge DEFURIA was assigned the case after some objection was made leading to the recusal of Judge JEROME. The opinion indicates that it was rendered by a court en banc.

nation of every action or proceeding to which they are applicable." Pa. R.C.P. No. 126. Inasmuch as Township had the opportunity to raise this issue below but failed to do so and inasmuch as a final judgment has been entered after both parties had the opportunity to raise any issue of fact or law before a court en banc, we will deny the motion to quash and decide the substantive issues in order to carry out the clear intent of Pa. R.C.P. No. 126.

The Police have appealed from the Common Pleas Court's determination that the Police were not entitled under the award for 1975 to take their vacation during weeks in which they were scheduled to work six days. It was admittedly the past practice of the Township to provide vacation during a six day work week. The award itself did not define "week" for purposes of vacation,[3] but did order the continuation of the six days on, two days off schedule previously used, with an extra day off per month to average forty hours per week. The award also provided that all other benefits would remain "as is."

We are of the opinion that the lower court was without jurisdiction to interpret the meaning of "vacation week" in the 1975 award.[4] We recognize that our Supreme Court, in *Geriot v. Council of Borough of Darby*, 491 Pa. 63, 417 A.2d 1144 (1980), has held that mandamus, rather than an unfair labor practice charge, is the proper method to enforce a final and binding arbitration award, *id.* at 69, 417 A.2d at 1147, under Act 111. However, we believe the jurisdictional question presented here differs from that presented in

---

[3] The 1976 award did define vacation weeks as equal to work weeks of forty hours.

[4] While neither party has raised this point, the question of jurisdiction may be raised *sua sponte* at any time in the appeals process. *Harris-Walsh, Inc. v. Dickson City Borough*, 420 Pa. 259, 216 A.2d 329 (1966).

*Geriot,* and in view of the policy considerations which we shall discuss below, we are of the opinion that the *interpretation* of "vacation week" should have been presented to binding arbitration.

Act 111 was enacted to provide for a method of dispute settlement between firemen or policemen and their employers. The Act mandates collective bargaining and provides for binding arbitration in the case of an impasse. The arbitrator's opinion is final, with judicial review limited to questions of law and regularity of the proceedings. *Borough of Ambridge Appeal,* 53 Pa. Commonwealth Ct. 251, 417 A.2d 291 (1980). While the Act clearly guarantees the right to bargain collectively, and delineates the arbitration process, the Act is conspicuously silent regarding enforcement of these given rights.

It is this absence of legislative enforcement processes that has led to judicially designed methods of implementation. For example, the Supreme Court has determined that the Pennsylvania Labor Relations Act (PLRA), Act of June 1, 1937, P.L. 1168, *as amended,* 43 P.S. §§211.1-.13, is to be read in pari materia with Act 111 to the extent that the Pennsylvania Labor Relations Board (PLRB) would conduct a representation election to determine a bargaining unit. *Philadelphia Fire Officers Association v. Pennsylvania Labor Relations Board,* 470 Pa. 550, 369 A.2d 259 (1977). That Court has also held that mandamus in common pleas court would be the proper remedy to compel county commissioners to enter into the bargaining process mandated by Act 111. *Hartshorn v. County of Allegheny,* 460 Pa. 560, 333 A.2d 914 (1975). And, as noted above, the Supreme Court in *Geriot* has held that mandamus is proper when a party seeks to enforce the award.

The challenge in *Geriot,* however, did not involve interpretation of the award prior to enforcement. The

Court therein noted that the complaint involved enforcement of an interest arbitration award. Justice Nix based his dissent upon a belief that there was an interpretive conflict which the majority failed to see. *Geriot,* 491 Pa. at 70, 417 A.2d at 1148 (Nix, J., dissenting). Our own Court in *Geriot,* which the Supreme Court reversed as to the question of jurisdiction of enforcement actions, apparently saw no interpretation question either, since the case was immediately referred to the PLRB for resolution of an unfair labor practice charge.[5] *See Geriot v. Council of Borough of Darby,* 38 Pa. Commonwealth Ct. 337, 394 A.2d 1298 (1978), *rev'd,* 491 Pa. 63, 417 A.2d 1144 (1980).

A reading of Act 111 itself leads to a conclusion that questions of interpretation of an award, which are generally considered in labor law to be the subject of grievance arbitration, *see Geriot,* 491 Pa. at 69 n. 6, 417 A.2d at 1147 n. 6, are to be handled within the framework of Act 111: "[Employees] shall have the right to an adjustment or settlement of their grievances or disputes in accordance with the terms of this act." Section 1 of Act 111, 43 P.S. §217.1. Since Section 4 of Act 111 provides for binding arbitration in the case of a dispute, we conclude that the present dispute as to the meaning of the phrase "vacation week" should have been presented to an arbitration panel for resolution, not to the courts.

This result, we believe, is most in consonance with the intent of Act 111. Courts are not intended to be part of the arbitration process. *See Borough of Am-*

---

[5] Section 1201(a)(8) of the Public Employe Relations Act (PERA), Act of July 23, 1970, P.L. 563, 43 P.S. §1101.1201(a)(8), which our Court had felt was controlling, states that it is an unfair labor practice to refuse to comply with an arbitration award deemed binding. A disputed interpretation is not an unfair labor practice under PERA, but rather is to be handled through binding arbitration under Section 903, 43 P.S. §1101.903.

*bridge Appeal,* 53 Pa. Commonwealth Ct. 251, 254, 417 A.2d 291, 292 (1980). Permitting lower courts to inquire into the correct interpretation of an ambiguous[6] term in an award would vitiate this intendment. Vagueness probably can never be entirely eliminated from arbitration awards and to allow lower court interpretation of awards would result in judicial determination of questions which properly belong to a panel of arbitrators.

Therefore, we believe that where an award is unclear, as it is here, mandamus is not proper and the dispute should be presented to arbitrators under Act 111. Where the award is clear, it is enforceable in mandamus as held by *Geriot.*[7]

The parties have filed cross-appeals from the trial court's determinations regarding the legality of several provisions in the award.[8] The Police also have raised the question of whether the Township could raise a defense of illegality of award provisions where

---

[6] Of course, the question of whether an ambiguity does exist is to be determined by the Court as a question of law. *See State Highway and Bridge Authority v. E. J. Albrecht Co.,* 59 Pa. Commonwealth Ct. 246, 430 A.2d 328 (1981). The term "vacation week" here is undoubtedly ambiguous.

[7] We find analogous support for this decision in *Board of Commissioners, Montgomery County v. Lukens,* 51 Pa. Commonwealth Ct. 576, 415 A.2d 118 (1980). In that case the Commissioners argued that mandamus was not a proper method to order bargaining, since questions of representation were to be presented to the Labor Board, as required by the *Philadelphia Fire Officers* decision. Our Court, however, stated that *Philadelphia Fire Officers* was limited to situations in which there was a dispute regarding who was to represent the employees and that where there is *no question* of representation, then mandamus would be the proper remedy, citing *Hartshorn v. County of Allegheny.*

[8] The Township, in defense to some of the Police charges, asserted that several provisions of the award were illegal. The Court upheld several of these provisions, but found others to be violative of statutory law.

no appeal was taken from the arbitrator's award. As we agree with the Police that illegality may not be raised outside the appeals process, we reverse the trial court's decision insofar as it refuses to enforce provisions in the award which it considered illegal.

We regard the case of *Poiarkoff v. Town Council, Borough of Aliquippa,* 39 Pa. Commonwealth Ct. 604, 396 A.2d 75 (1979) as being dispositive of this question. In that case, the Borough, in a defense to a mandamus action, argued that the arbitrators exceeded their authority in attempting to regulate the number of police and fire personnel. The Court held that the Borough's failure to appeal constituted a waiver of its right to contest lawfulness. While the Township in the present appeal attempts to distinguish *Poiarkoff* on the basis that the Borough in that case was estopped due to a long delay, whereas the Township has asserted illegality in this case from the day the award was issued, a close reading of *Poiarkoff* gives no indication that an excessive delay was the reason for the decision.

We understand the lower court's distaste for enforcing provisions which it feels are in violation of the law. But a reasonable appeals procedure from the arbitrator's award does exist, and the Township may not now assert rights in mandamus which it chose to forego by not asserting them in the proper forum.

### ORDER

AND Now, this 31st day of December, 1981 the Order of the Court of Common Pleas of Delaware County, dated November 13, 1980, is affirmed in part and reversed in part. As to the following, the order of the Court is reversed:

1) to the extent that the order undertakes to define 'vacation week' in the arbitration award.

600

2) to the extent that the order undertakes to limit the effectiveness of Paragraph 10 of the 1975 Arbitration Award.

3) to the extent that the order refuses to enforce the provisions of Paragraph 5 of the 1976 Arbitration Award.

In all other respects, the order of the Court is affirmed.