In the Matter of the Arbitration between the City of Erie, Pennsylvania and The International Association of Firefighters, Local 293. City of Erie, Pennsylvania, Appellant.

Argued March 2, 1983, before Judges BLATT, CRAIG and DOYLE, sitting as a panel of three.

*Carl M. Carlotti,* Deputy City Solicitor, with him *Donald J. Rogala,* City Solicitor, for appellant.

*Jonathan Walters, Kirschner, Walters & Willig,* for appellee.

246

Opinion by Judge Blatt, May 10, 1983:

Before us is the appeal of the City of Erie (City) from an order of the Court of Common Pleas of Erie County which affirmed in part an award of the Board of Arbitration (Board) which favored the position of the International Association of Firefighters, Local 293 (Union). The provision of the award relevant to this appeal is that ''the minimum crew on each fire-fighting rig shall be four (4) persons. . . .''

The Board found that the number of firefighters per rig is a proper subject for arbitration, because this is a matter of safety and thus a ''working condition'' as that term is used under Section 1 of the Act of June 24, 1968, P.L. 237, 43 P.S. §217.1 (Act 111).[1] The court of common pleas affirmed the Board on this issue.

The scope of our review of an arbitration award under Act 111 is restricted to questions of law and the regularity of the proceedings. *Borough of Ambridge Appeal*, 53 Pa. Commonwealth Ct. 251, 417 A.2d 291 (1980); *Chirico v. Board of Supervisors, Newtown Township*, 63 Pa. Commonwealth Ct. 591, 439 A.2d 1281 (1981).

The City argues here that the Board erred in determining the number of firefighters per rig to be a ''work condition'', rather than a matter of ''managerial prerogative''. Citing to *International Association of Firefighters, Local 669 v. City of Scranton*, 59 Pa. Commonwealth Ct. 235, 429 A.2d 779 (1981), the

---

[1] §217.1 Right to Bargain

Policemen or firemen employed by a political subdivision of the Commonwealth . . . shall . . . have the right to bargain collectively with their public employers concerning the terms and conditions of their employment, including compensation, hours, *working conditions*, retirement, pension and other benefits. . . . (Emphasis added.)

City contends that it has a "managerial prerogative" in this matter which is outside the bounds of arbitration. We disagree.

The *International Association of Firefighters, Local 669* case is clearly distinguishable from the instant case in a crucial way, because we held there that "Act 111 does not remove from the scope of a municipality's managerial decision-making the determination of the *total number* of firefighters it deems necessary for the level of fire protection it wishes to afford to its citizens." *Id.* at 239-40, 429 A.2d at 781-82 (emphasis added). We also noted there that:

> The courts that have dealt with this issue have drawn a *very* fine line in distinguishing between the *total number* of persons on the force (*not arbitrable*), and the number of persons on duty at a station, *or assigned to a piece of equipment,* or to be deployed to a fire (*all arbitrable* because they are rationally related to the safety of the firefighters).
>
> . . . .
>
> The safety of a firefighter is far more rationally related to the number of individuals fighting a fire with him, or *operating an important piece of equipment* at a fire, than it is to the number of members of the entire force. (Emphasis added.)

*Id.* at 238-40, 429 A.2d at 781-82.

The Board here, after testimony by the Union's expert witness that the manning of an engine or ladder company with less than four men could result in impairing the health and safety of the firefighters, found that the manning of the individual rig (as distinguished from the determination of the total number of firefighters in *International Association of Firefighters, Local 669*) affected the "working conditions"

and safety of the individual firefighters, and was consequently arbitrable under Act 111. Accordingly, it determined that the minimum number of firefighters on each rig should be four. We find no error of law or irregularity in the proceeding, and we will affirm the order of the court of common pleas.

ORDER

AND Now, this 10th day of May, 1983, the order of the Court of Common Pleas of Erie County in the above-captioned matter is hereby affirmed.