470 A.2d 470

James CHIRICO, Thomas Newby, III, Brian McNeill, Appellants-Appellees,

v.

BOARD OF SUPERVISORS FOR NEWTON TOWNSHIP, Appellee-Appellant.

Supreme Court of Pennsylvania.

Argued Oct. 24, 1983.

Decided Dec. 30, 1983.

Reargument Denied Feb. 22, 1984.

Alexander A. DiSanti, Media, for appellants in No. 66 and for appellees in No. 67.

Joanne R. Denworth, Philadelphia, for appellant in No. 67 and for appellee in No. 66.

Thomas L. Wenger, Harrisburg, for amicus, Pa. State Assoc. of Twnsp. Supervisors.

Before ROBERTS, C.J., and NIX, LARSEN, FLAHER-TY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

## OPINION

NIX, Justice.

These appeals raise two issues: 1) may a dispute regarding the interpretation of a provision of an arbitration award be resolved in an action in mandamus for enforcement of

the arbitration award, and 2) may the question of an alleged illegal provision in an arbitration award be addressed in the enforcement action when no appeal was taken from the issuance of the award. The Commonwealth Court, 63 Pa. Cmwlth. 591, 439 A.2d 1281, held that the remedy for resolution of disputes regarding interpretation of an arbitration award is further arbitration. We agree and affirm. The Commonwealth Court also held that it is fatal not to appeal from an arbitration award asserted to be illegal. Under the instant facts, we disagree and reverse.

## I.

Following an impasse in collective bargaining between the Newton Township Police Department (Department) and the Board of Supervisors for Newton Township (Township), a board of arbitrators was appointed pursuant to the Act of June 24, 1968, P.L. 237, N. 111, 43 P.S. 217.1, (Act 111). The board entered an award on December 27, 1974, establishing the terms and conditions of employment for the police officers for the calendar year 1975 (1975 award). On May 5, 1975, the Department filed a complaint in mandamus in the court of common pleas to compel the Township to implement certain provisions of the 1975 award. While this action was pending, on November 29, 1975, another board of arbitrators entered an award for the calendar year 1976 (1976 award), which was incorporated into the instant action by an amended complaint. Neither party filed an appeal from either of these awards.

The court of common pleas, after interpreting the meaning of the phrase "vacation week", refused to enforce certain ambiguous provisions of the awards to the extent that such provisions in its opinion were contrary to law.

The Department appealed to the Commonwealth Court from that part of the trial court's order interpreting "vacation week". The Township cross-appealed from the trial court's determination regarding the legality of certain provisions in the awards. The Commonwealth Court held that the common pleas court did not have jurisdiction to inter-

pret a provision of an award, because interpretation is within the province of the arbitrators. The Commonwealth Court also held that the defense of illegality of award provisions may not be raised outside the appeals process. That Court thus reversed the trial court's refusal to enforce certain aspects of the provisions alleged to be illegal.

## II.

■ Considering the issue presented by the cross-appeal first, we reaffirm this Court's well-settled position regarding the enforcement of an illegal provision of an arbitration award. In this Commonwealth arbitration panels may not mandate that a governing body carry out an illegal act. *Conley v. Joyce,* 482 Pa. 263, 269, 393 A.2d 654, 657 (1978), *Washington Arbitration Case,* 436 Pa. 168, 177, 259 A.2d 437, 442 (1969). *See, City of York v. Reihart,* 475 Pa. 151, 379 A.2d 1328 (1977). See also *Grottenthaler v. Pennsylvania State Police,* 488 Pa. 19, 410 A.2d 806 (1980) (dictum). The 1975 award provided for the payment of sixty-five percent of salary for a non-service connected disability pension.[1] The 1976 award established, prior to an actuarial study, elective retirement at age fifty-three, after twenty-five years of service.[2] The Township's defense of illegality was directed against the claim for enforcement of these provisions. It was argued by the Township that the Act of

1. Section 10 of the 1975 award states:
   *Disability Benefits*
   If an Officer is permanently and totally disabled from performing police work for the Township of Newtown, whether from service connected or non-service connected disability, he shall receive 65% of his salary at the time of this determination as a pension that shall continue until his death.
   The 1976 award continues the 1975 non-service connected disability pension.

2. Section 5 of the 1976 award states:
   RETIREMENT
   Elective retirement at age 53, after 25 years of service, as awarded by the 1971 Board of Arbitrators (for 1972), is reconfirmed. The actuarial study presumed by that arbitration award should be completed by December 31, 1975, and it shall be paid for by the Township.

May 29, 1956, P.L. (1955) 1804 § 5, *as amended*, 53 P.S. § 771, which provides the authority for disability pensions for police, is limited to service connected disabilities.[3] The lower court reasoned that section 771 did not preclude such non-service-connected disability pensions and thus such pensions may be mandated to the limit set forth in the section. The Commonwealth Court refused to consider the question of illegality and ascribed therefore the fact that the Township had not filed an appeal from the arbitration award which it deemed to be fatal under the law of *Poiarkoff v. Town Council, Borough of Aliquippa*, 39 Pa. Commonwealth Ct. 604, 396 A.2d 75 (1979). *Poiarkoff* chose to follow the Commonwealth Court's earlier distinction[4] between the language in *Washington Arbitration Case, supra*, 436 Pa. at 173 n. 3, 259 A.2d at 440 n. 3[5] and the nature of the alleged illegality raised in *Harney v. Russo*,

3. Section 5 of the Act of May 29, 1956, 53 P.S. § 771, with emphasis added, states in pertinent part:

Payments made under the provisions of this act shall not be a charge on any other fund in the treasury of any borough, town or township, or under its control, save the police pension fund herein provided for. The basis for determining any pension payable under this act, following retirement of any member of the force meeting the service and age qualifications of the ordinance or resolution establishing a police pension fund, shall be as follows:

Monthly pension or retirement benefits other than length of service increments shall be computed at no more than *one-half the monthly average salary* of such member during not more than the last sixty nor less than the last thirty-six months of employment.

\* \* \* \* \* \*

*In the case of the payment of pensions for permanent injuries incurred in service and to families of members killed in service,* the amount and commencement of the payments shall be fixed by regulations of the governing body of the borough, town or township....

4. *DeCarbo v. Elwood City*, 3 Pa. Commonwealth Ct. 569, 284 A.2d 342 (1971).

5. We also note that the city could merely have refused to comply with the award and waited for the policemen to seek an order of mandamus. This was the procedure used by the Borough of East Lansdowne to gain judicial review in *Harney v. Russo*, 435 Pa. 183, 255 A.2d 560 (1969).

*Washington Arbitration Case* 436 Pa. 168, 173, 259 A.2d 437, 440 (1969).

435 Pa. 183, 255 A.2d 560 (1969) (constitutionality of Act 111 raised by way of a defense in a mandamus action). In *DeCarbo v. Elwood City*, 3 Pa. Commonwealth Ct. 569, 284 A.2d 342 (1971), that Court saw a meaningful distinction between attempting to negate, by modification, the provision of an award or the award itself and a frontal attack on the Act based on constitutional grounds. On appeal in this Court, the Department relies upon Pa.R.J.A. 2101(a) [6] which was in effect at the time of the issuance of both awards. It chose not to rely upon the Commonwealth Court's basis of *Poiarkoff v. Town Council, Borough of Aliquippa, supra.* The Department urges that the exclusivity of the Commonwealth Court's jurisdiction to hear appeals from arbitration awards under Pa.R.J.A. 2101(a) precludes consideration of the illegality question in a mandamus action. It rests primarily upon *Skiles v. City of Lancaster*, 24 Pa. Commonwealth Ct. 580, 358 A.2d 131 (1976). That reliance is misplaced however. In *Skiles* the plaintiff/firemen brought an action in mandamus to compel compliance with a city ordinance that mandated equalization of the salaries and compensation of fire department employees and other civil service employees. An arbitration award, pleaded in the complaint, had violated the ordinance by awarding the firemen $50.00 less than had been awarded policemen for longevity increments. No appeal had been taken from the award. The Commonwealth Court held that the plaintiffs were improperly attempting to obtain review of the award

---

**6.** Pa.Rule of Judicial Administration 2101(a), since superseded, provided:

> Review of Arbitration Awards in Public Employment Disputes.
> (a) Review of an award of arbitrators appointed in conformity with an Act of Assembly to arbitrate a dispute between a public employer and employe shall be sought exclusively, in the Commonwealth Court. The application for review shall be filed within thirty (30) days after the date of the award of the arbitrators.

The argument is particularly intriguing since Section 7 of Act 111, 43 P.S. 217.7, specifically states "No appeal [from the arbitration determination] shall be allowed to any court." For a concise history of the existence of an appeal from the binding arbitration of Act 111, see former Justice Pomeroy's opinion in *Community College of Beaver County v. Community College of Beaver County, Society of the Faculty,* 473 Pa. 576, 584, 375 A.2d 1267, 1271 (1977).

by their action in mandamus based upon the city ordinance. Thus, *Skiles* did not expand Pa.R.J.A. 2101(a) to vitiate a defense of illegality of an arbitration award in a mandamus action. Rather, *Skiles* prohibited mandamus as an alternative action for a party dissatisfied with an arbitration award; it did not eliminate a defense to a mandamus action.

The party charging illegality here does not seek review by instituting an action in mandamus. Rather the Township defends on the ground it cannot be required to carry out an illegal act.

At this juncture we reemphasize that:

[A]rbitrators may not mandate that a governing body carry out an illegal act. *Grottenthaler v. Pennsylvania State Police, supra; Washington Arbitration Case* 436 Pa. 168, 259 A.2d 437 (1969). However, as recognized in *Grottenthaler, supra,* a distinction must be drawn between situations where an arbitration panel attempts to mandate a governing body, over its objection, to carry out an illegal act and situations where the governmental unit employer attempts to belatedly avoid compliance with a term of a bargaining agreement it voluntarily agreed to during the bargaining process, and thereby secure an unfair advantage in the bargaining process.

*Fraternal Order of Police v. Hickey,* 499 Pa. 194, 199, 452 A.2d 1005, 1008 (1982) (plurality opinion).

In *Hickey,* mandamus was sought to enforce a collective bargaining agreement provision voluntarily agreed to by the City of Scranton during the bargaining process. We held that good faith bargaining is not met by permitting the governmental employer to avoid its obligations by subsequently raising the question of legality of the *agreed* to provision; thus, the governmental employer is estopped from raising the defense. Here the contested provisions were as a result of an arbitration award and not an agreement voluntarily entered into by the parties. Thus, there is no basis for applying the equitable principle of estoppel when the provision sought to be enforced is an award provision. Therefore, when a party to an award of

an arbitration panel seeks to have enforcement of an alleged illegal provision of such an award, the courts of this Commonwealth may not enforce that provision without a determination as to its legality.

### III.

We next consider the contention of the Department that the Commonwealth Court erred in holding that the arbitrator, not the common pleas court, has jurisdiction over the dispute involving the interpretation of the phrase "vacation week".

Article 8 of the 1975 award specified the police officer's entitlement to one to five weeks of vacation, depending upon length of service. The term "week", for vacation purposes was not defined in the award in 1975, although it was defined in the 1976 award.

For many years, the scheduling of the police officers had been done according to a rotating schedule involving an eight-day cycle, the police officers being scheduled to work six days and then having two days off. It had, admittedly, long been the practice of the township to provide vacation during a six-day work week. Immediately after the start of the 1975 calendar year, the township changed the practice and allowed the police to take their vacations only during weeks in which they were scheduled to work five days. The dispute centers upon whether a vacation week consists of five days or six days.

A dispute over the interpretation of a provision in an existing award falls within the ambit of grievance arbitration. *See Geriot v. Council of Borough of Darby*, 491 Pa. 63, 417 A.2d 1144 (1980). Grievance disputes are properly handled within the framework of section 1 of Act 111, which provides that "[Employees] shall have the right to an adjustment or settlement of their grievances or disputes in accordance with the terms of this act." Act 111 does not set forth the specific mechanism by which grievance, as compared with interest, disputes are to be arbitrated. We

acknowledge it is clearly inadequate to recognize a right "to a settlement of grievances or disputes", while failing to provide any method for the implementation of those rights. This obvious vacuum must not be countenanced. Yet resort to the courts to meet this need would contravene the strong affirmance of the use of non-adversarial methods for the resolution of disputes between governmental employers and police and firemen embodied in section two of the Act.[7]

First, Act 111 specifically avoids the use of the courts for dispute resolution. This policy is so strong that section seven of the Act, 43 P.S. 217.7, provides for binding arbitration and contains the unique provision that "[n]o appeal therefrom shall be allowed to any court." Thus the only method for settling grievance disputes allowable within the framework of Act 111 is arbitration. This objective would be completely frustrated if we were to superimpose, by judicial fiat, a layer of court intervention.

Second, resort to arbitration is well supported by the surrounding circumstances of a grievance dispute. As was stated in *Geriot v. Council of Borough of Darby, supra,* 491 Pa. at 77, 417 A.2d at 1148 (Nix, J. dissenting):[8]

[L]abor arbitrators have an expertise in labor law, as well as experience in resolving labor disputes. Also, the arbitrator may have participated in drafting the Act 111 interest arbitration award, and he is in the best position to resolve interpretation disputes which may arise under the award.

Finally, we are convinced that arbitration is the proper forum for resolution of grievance disputes involving the

7. § 217.2 Effort to settle disputes
    It shall be the duty of public employers and their policemen and firemen employes to exert every reasonable effort to settle all disputes by engaging in collective bargaining in good faith and by entering into settlements by way of written agreements and maintaining the same. 1968, June 24, P.L. 237, No. 111, § 2.

8. Although, in an attempt to fill this vacuum, it has previously been urged that Act III be read in *pari materia* with the Public Employees Relations Act, (PERA), Act of July 23, 1970, P.L. 563, § 1201, 43 P.S. § 1101, 1201, see *Geriot v. Council of Borough of Darby,* 491 Pa. 63, 70, 417 A.2d 1144, 1148 (1980), this Court has declined to do so.

interpretation of a provision of an award because the right sought to be enforced is not clear where there is an ambiguity.[9] The trial court should not have ignored the expertise of arbitrators and defined the term "vacation week" as used in the arbitration award.

Accordingly, the order of the Commonwealth Court reversing the trial court's defining of "vacation week" in the arbitration award is affirmed. The order of the Commonwealth Court reversing the lower court's ruling as to disability benefits and elective retirement is reversed and the matter remanded to the Commonwealth Court for disposition in accordance with this opinion.

ROBERTS, C.J., concurs in the result.

HUTCHINSON, J., would affirm on the opinion of the Commonwealth Court, 63 Pa. Commonwealth Ct. 591, 439 A.2d 1281 (1981).

---

**9.** Mandamus is only a proper remedy where there is a clear right to the relief involved. *See Geriot v. Council of Borough of Darby, supra.*