## Bristol Township Benevolent Association
## v. Bristol Township

*Anthony C. Busillo, II,* for petitioner.
*Clyde W. Waite,* for respondent.

BORTNER, J., June 7, 1984—This action is brought under a petition for review of an arbitration award pursuant to 42 Pa.C.S. §933(b).

Petitioner has filed a motion to strike a provision of that award which brings before us on summary judgment the same relief sought in his petition.

Petitioner is the exclusive bargaining representative of the police employees of respondent Bristol Township under Act III of June 24, 1968, 43 P.S. §217:1, et seq. Upon reaching an impasse with the township over the contract provisions for fiscal year 1983, the issues in dispute were submitted to a board of arbitrators under 43 P.S. §217.4.

The paragraph of that award which petitioner seeks to strike provides:

Other Provisions

(1) With respect to (a) military buy back, (b) exclusion of severance pay from base, and (c) non-ser-

vice connected disability, the panel concludes that the parties shall activate the Pension Board, including one police officer as a member, and the Board shall determine the appropriateness of these items in light of the position taken by the Township that they are unlawful. The panel concludes that these items are within the jurisdiction of the Pension Board and the Panel directs the Board to take dispositive action on these matters.

Petitioner argues that Article 3, Section 31 of the Pennsylvania Constitution, when read with 43 P.S. §217.4, creates a duty not to be delegated in the board of arbitrators to resolve disputes creating an impasse in collective bargaining and that this particular board, therefore, improperly delegated to the "Pension Board" the disputes regarding military payback, exclusion of severance pay from base and non-service connected disability.

The scope of our review of this award is strictly limited to questions of law and the regularity of proceedings. City of Erie v. Intern. Ass'n of Firefighters, 74 Pa. Commw. 245, 459 A.2d 1320 (1983); see 43 P.S. §217.7. Because the authority of the board under the delegation of duties set forth in the Pennsylvania Constitution is in question, we find the issues raised in the petition are within our scope of review.

Article 3, Section 31 prohibits the General Assembly from delegating the authority to any "private corporation or association" to interfere with certain municipal functions with the exception of any "panels or commissions" selected in accordance with law for the settlement of grievances, disputes or collective bargaining between police and their public employers.

The purpose of this section was to prevent state-appointed commissions from exercising power over

a municipality without supervision by local representatives. Lighton v. Abington Twp., 336 Pa. 345, 9 A.2d 609 (1939).

The legislature then enacted Act III, providing for collective bargaining rights among police and firemen. 43 P.S. §217.1, et seq. Questions of "retirement, pensions and other benefits" are to be resolved under the Act, and, where an impasse arises from collective bargaining on these questions, a three member board of arbitrators, one appointed by the policemen involved, one by the municipality and a third by the other two appointees, is to arbitrate the dispute. 43 P.S. §217.4(b). The Act does not provide for any further delegation by the arbitrators of their duties to resolve the areas of "impasse."

A municipality such as Bristol Township has been given some legislatively mandated control over questions of military pensions (though not specifically "military buy-back"), severance pay and disability with regard to the local police force. The Township of Bristol, a township of the first class organized under 53 P.S. §55101 et seq. is given the legislative power to select, compensate and dismiss its police. See 53 P.S. §55625, et seq. Moreover, if Bristol so desires, it may establish and maintain a police pension fund. 53 P.S. §761, et seq.

It may have been under these provisions that the board of arbitrators was moved to pass on to a "pension board" the task of determining the resolution of disputes regarding military buy-back, exclusion of severance pay from base pay and non-service connected disability. We find, however, that once these questions were submitted to the board of arbitrators under 43 P.S. §217.4, they no longer could be resolved by a local pension board since the collective bargaining statutes now vest in the board of arbitrators, once appointed, the exclusive jurisdiction over

the matters in dispute. 43 P.S. §217.7; see Alleg. Co. Firefighters, L. 1038 v. Alleg. Co., 7 Pa. Commw. 81, 89, 299 A.2d 60, 63 (1973), stating as dictum that an arbitration board award which included a four-step grievance procedure was a "clear second delegation of authority to a non-governmental body by the first non-governmental authority (the original arbitration panel) whose authority to perform a governmental act is recognized as an exception to non-delegation by the limited provisions of Article 3, Section 31, of our present Constitution."; see also Boro. of New. Cumn. v. Police Employees, 63 Pa. Commw. 441, 445 n.4, 439 A.2d 849 (1981); Bristol Twp. v. Bristol Twp. Police Dept., 8 D.&C. 3d 546, 553 (1978).

For the above reasons, we enter the following

## ORDER

And now, this June 7, 1984, the matter having been submitted to the court for disposition under Rule *266, and after consideration of the pleadings and legal memoranda of the parties, the motion to strike is hereby granted and paragraph one, page three under other provisions of the award of arbitrators is hereby stricken.