598 A.2d 1049

WEST LAMPETER TOWNSHIP, Appellant,

v.

The POLICE OFFICERS OF WEST LAMPETER TOWNSHIP, By and Through their Trustees Ad Litem, William T. McCORD and William T. McCord, Appellees.

Commonwealth Court of Pennsylvania.

Argued Sept. 12, 1991.

Decided Oct. 23, 1991.

David R. Keller, for appellant.

Anthony C. Busillo, II, for appellees.

Before COLINS and PELLEGRINI, JJ., and LORD, Senior Judge.

COLINS, Judge.

West Lampeter Township (Township) appeals from the September 17, 1990 order of the Court of Common Pleas of Lancaster County (Common Pleas) which denied the cross motions for summary judgment of both parties and directed both parties to present to binding arbitration the question of whether Section 20 of the collective bargaining agreement between the Township and the Police Officers of West Lampeter Township (the Officers) allows binding arbitration of grievances.

This dispute commenced when, on August 11, 1989, the Township's Chief of Police issued a formal statement of charges to William T. McCord, a Sergeant in the Township police department. McCord was advised that he would be suspended without pay for ten working days for intemperance and conduct unbecoming an officer as a result of

incidents occurring on July 29 and 30, 1989. The suspension was to be effective after a hearing pursuant to the "Police Tenure Act"[1] scheduled for August 18, 1989. McCord waived his right to the hearing, and on September 6, 1989, filed a grievance pursuant to the collective bargaining agreement (Agreement) between the Township and the Officers. In his grievance, McCord alleged that there was no just cause for his suspension.

Section 20 of the Agreement, entitled "Grievance Procedure," states that "[a] grievance is hereby defined as a claim or complaint by a member of the bargaining unit regarding the meaning, interpretation or application of any provision of this contract." Step 1 of the grievance procedure requires the grievant to present the grievance in writing to the Chief of Police within three days after the occurrence of the cause of the grievance. The Chief of Police then has three days to reply in writing to the grievant. Grievances not appealed to Step 2 of the grievance procedure within five days of the Chief's answer are considered to be settled. Step 2 of the grievance procedure states that a grievance not resolved by Step 1 shall be referred to the Township Board of Supervisors. The chairperson of that Board is required to reply to the grievant within ten days after the grievance is received, and the decision of that Board will be final.

Step 1 of the grievance procedure resulted in McCord's grievance being denied. He then waived Step 2 and notified the Township that he wished to proceed to binding arbitration pursuant to the Act of June 24, 1968, P.L. 237, *as amended*, 43 P.S. §§ 217.1—217.10, commonly known as Act 111 (Act 111).

The Township refused to proceed to binding arbitration, and McCord filed an action in equity with Common Pleas asking Common Pleas to compel the Township to proceed to binding arbitration. The parties filed a stipulation of facts,

1. Sections 1171–1195 of the Act of February 1, 1966, P.L. (1965) 1656, *as amended*, 53 P.S. §§ 46171–46195, commonly known as the Police Tenure Act.

and cross motions for summary judgment. Common Pleas issued its decision and order on September 17, 1990 directing that the question of whether Section 20 of the Agreement allows binding arbitration of the grievance be resolved by a binding arbitration panel.

The Township timely appealed to this Court and presents one issue for this Court's review: Did Common Pleas err and abuse its discretion by selecting arbitration as the forum to determine the issue of whether the collective bargaining agreement creates a duty for the parties to arbitrate this particular grievance.

Both parties' arguments focus on three cases, *Chirico v. Board of Supervisors of Newton Township*,[2] *Township of Moon v. Police Officers of Township of Moon*,[3] and *Upper Providence Township v. Buggy*.[4] The Township argues that all three are factually distinguishable from the present matter, and the Officers rely on these cases. We agree that all three cases can be distinguished.

In *Chirico* an arbitration award was entered establishing the terms and conditions of employment for the police officers of Newton Township. Later a dispute arose regarding the definition of "vacation week." The police department in Newton Township filed a complaint in mandamus in the court of common pleas seeking to compel Newton Township to implement certain provisions of the arbitration award. The court of common pleas interpreted the phrase vacation week, and the police department appealed that interpretation to this Court. This Court held that the court of common pleas did not have jurisdiction to interpret a provision of an arbitration award because the interpretation of an award is within the jurisdiction of the arbitrators. The Pennsylvania Supreme Court affirmed this Court and held that arbitration was the proper means to resolve a grievance concerning the interpretation of a provision of an

2. 504 Pa. 71, 470 A.2d 470 (1983), *aff'd in part and rev'd in part, on other grounds*, 518 Pa. 572, 544 A.2d 1313 (1988).

3. 508 Pa. 495, 498 A.2d 1305 (1985).

4. 100 Pa.Commonwealth Ct. 389, 514 A.2d 991 (1986).

arbitration award. The Supreme Court stated that grievances are properly resolved within the framework of Section 1 of Act 111, 43 P.S. § 217.1 but admitted that Act 111 does not provide a mechanism for resolving such grievances. Citing strong policy considerations, the Supreme Court held that "the only method for settling grievance disputes allowable within the framework of Act 111 is arbitration." *Chirico*, 504 Pa. at 79, 470 A.2d at 475.

In *Moon*, the issue was "whether an interest arbitration panel may include a provision for binding grievance arbitration in an award." 508 Pa. at 498, 498 A.2d at 1306. Citing *Chirico*, the Pennsylvania Supreme Court stated that an interest arbitration panel has the authority to award any term or condition of employment and that arbitration is the proper method for resolving grievances. That court, therefore, determined that the arbitration panel properly included a procedure for binding arbitration of grievances in its arbitration award.

In *Buggy*, a complaint in mandamus was filed with the court of common pleas because of a dispute between Upper Providence Township and several of its police officers regarding interpretation of two collective bargaining agreements and two arbitration awards as to wages. The court of common pleas transferred the dispute to binding arbitration, and the township appealed to this Court. This Court affirmed the court of common pleas and held that "arbitration is the method for resolving disputes under a collective bargaining agreement." *Buggy*, 100 Pa.Commonwealth Ct. at 392, 514 A.2d at 993. This Court did not abide by the township's argument that "the only remedy available when a dispute concerns a collective bargaining agreement is the bargaining process itself." *Id.*, 100 Pa.Commonwealth Ct. at 392, 514 A.2d at 992–93. This Court stated that if it adopted the Township's view, a municipality could interpret a collective bargaining agreement in bad faith and the officers would be prevented from obtaining relief, because

the question at issue had been one of interpretation of the collective bargaining agreement.

The Township argues, and we agree, that *Chirico, Moon,* and *Buggy* are distinguishable from the present matter, because in each case the courts "filled a void left by the absence of legislation or agreement of the parties." In the present matter, however, according to the Township, the parties engaged in collective bargaining culminating in the Agreement, which included Section 20 describing a grievance procedure. The Agreement also contained a section indicating that the Agreement superseded all previous agreements and/or arbitration awards and contained all covenants between the parties.

The Township argues that the grievance procedure provides for a final decision to be rendered by the Township's supervisors. The parties could have negotiated a layer of arbitration if they had so desired. By not providing, on the face of the agreement, for arbitration of grievances, the parties, according to the Township, have made "a conscious decision to exclude arbitration from the dispute resolution process." According to the Township, the Agreement has provided a mechanism for resolving grievances and that fact distinguishes the present matter from *Chirico, Moon,* and *Buggy,* where "either the collective bargaining process or the interest arbitration award system had failed to provide the grievant with a vehicle or forum to resolve his grievance." We agree.

The Agreement is *devoid* of any requirement for grievance arbitration. This matter does not involve the situation where a term of a collective bargaining agreement is ambiguous or in need of interpretation. The Agreement clearly provides for a two step grievance procedure, of which McCord availed himself of step one but chose to waive step two. Having freely bargained for the grievance procedure, the parties are bound by it, and, therefore, the officers are mistaken in their belief that they may, at their pleasure, substitute binding arbitration for step two of the grievance procedure.

Accordingly, the September 17, 1990 order of the Court of Common Pleas of Lancaster County is reversed.

## ORDER

AND NOW, this 23rd day of October, 1991, the order of the Court of Common Pleas of Lancaster County in the above-captioned matter is reversed.