NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1481
_____

REGINALD A. ROBERTS,

Appellant

v.

RISA VETRI FERMAN; MONTGOMERY COUNTY;
JAMES MATTHEWS; JOSEPH HOEFFEL; BRUCE L. CASTOR, JR.;
OSCAR P. VANCE, JR.; SAMUEL GALLEN; STEPHEN FORZATO;
EDMUND JUSTICE; CAROLYN T. CARLUCCIO; MARK BERNSTIEL;
TONI LUTER, SUED INDIVIDUALLY HELD LIABLE JOINT AND SEVERALLY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-09-cv-04895)
Magistrate Judge:  Honorable Luis Felipe Restrepo
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 19, 2011

Before:  FISHER, HARDIMAN and GREENAWAY, Jr., *Circuit Judges*.

(Filed: September 26, 2011)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Reginald Roberts's motion for a preliminary injunction to order Montgomery County to participate in arbitration was denied by the District Court. Roberts now appeals, arguing the District Court erred in holding that the Collective Bargaining Agreement and 43 P.S. § 217 do not entitle him to arbitration. For the following reasons, we will affirm the District Court.

I.

We write primarily for the parties who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

On March 15, 1999, Roberts began employment as a Montgomery County Detective. As a County Detective, Roberts was part of a Collective Bargaining Agreement ("Agreement") between Montgomery County and the Montgomery County Detective Bureau. The Agreement included a "Grievance and Arbitration Procedure," which outlined a two-step process to be applied to disputes concerning the application or interpretation of the Agreement and matters of discipline. Step one of the procedure directed employees to contact the department head concerning their grievance. If a resolution was not reached in step one, step two allowed the employee to appeal the grievance to the row officer (District Attorney of Montgomery County) for consideration.

2

On August 8, 2008, Roberts was terminated from his position with the Montgomery County Detective Bureau. Rather than follow the two-step procedure outlined in the Agreement, Roberts contacted the County in October 2008, requesting arbitration concerning his termination. On November 17, 2008, the County declined the request to participate in arbitration.

Roberts filed this action against Montgomery County in October 2009, alleging employment discrimination and retaliation pursuant to Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, and the Pennsylvania Human Relations Act, 43 P.S. § 951 *et seq*. Roberts also alleged violations of his federal civil rights pursuant to 42 U.S.C. § 1983. Approximately one year after filing suit, Roberts filed his Fed. R. Civ. P. 65 Petition, calling for injunctive relief to order the County to participate in arbitration. He sought to compel the County to engage in arbitration over the interpretation of the Agreement, denial of heart and lung benefits, the proper value or amount of benefits due Roberts, and his termination. A Magistrate Judge for United States District Court for the Eastern District of Pennsylvania[1] held that Roberts failed to show he was entitled to arbitration under the Agreement or 43 P.S. § 217, and the preliminary injunction was denied. Roberts filed a timely notice of appeal from the decision.

---

[1] The parties consented to the United States magistrate judge's authority pursuant to 28 U.S.C.A. § 636(c) and Fed. R. Civ. P. 73.

II.

The District Court had jurisdiction under 28 U.S.C. § 1331.  We have jurisdiction

pursuant to 28 U.S.C. § 1292(a).[2]  We review the District Court's conclusions of law

under a plenary standard, findings of fact for clear error, and the decision to grant or deny

a preliminary injunction for abuse of discretion.  *Rogers v. Corbett*, 468 F.3d 188, 192

(3d Cir. 2006).

III.

Roberts argues that the District Court's denial of a preliminary injunction was in

error.  In seeking a preliminary injunction to compel arbitration, the party must

demonstrate:

> (1) it has a likelihood of success on the merits, (2) it will suffer irreparable
> harm if the injunction is denied, (3) granting preliminary relief will not
> result in even greater harm to the nonmoving party, and (4) the public
> interest favors such relief.

*Rogers*, 468 F.3d at 192 (internal quotation marks omitted).  All four elements must be

satisfied in order to grant the injunction.  *Maldonado v. Houstoun*, 157 F.3d 179, 184 (3d

---

[2]The County claims this Court lacks jurisdiction under 28 U.S.C. §1292(a) due to the Supreme Court's decision in *Carson v. Am. Brands, Inc.*, 450 U.S. 79 (1981).  In *Carson*, the Supreme Court held, "[f]or an interlocutory order to be immediately appealable under §1292(a)(1) . . . a litigant must show more than that the order has the practical effect of refusing an injunction," by satisfying a two prong test.  *Id* at 84.  This case is distinguishable however; it involves an *express* denial of injunctive relief rather than merely the practical effect of a denial.  Thus Roberts need not satisfy the *Carson* test in order to have jurisdiction under §1292(a).  *See OFC Comm Baseball v. Markell*, 579 F.3d 293, 298 (3d Cir. 2009) (finding the appellant need not satisfy any jurisdictional hurdle to appeal from the denial of an injunction).

4

Cir. 1998). The District Court concluded that a preliminary injunction was not warranted because Roberts could not demonstrate a likelihood of success on the merits. We agree.

To demonstrate a likelihood of success on the merits, Roberts must show that 43 P.S. § 217 and/or the Collective Bargaining Agreement allows for arbitration of Roberts' grievance. Turning first to the language of the statute, while 43 P.S. § 217 clearly allows for interest arbitration, courts have also found grievance arbitration to fall within its scope. *See Moon Twp. v. Police Officers of Moon Twp.*, 498 A.2d 1305, 1311-12 (Pa. 1985); *Chirico v. Bd. of Supervisors for Newton Twp.*, 470 A.2d 470, 474 (Pa. 1983). However, if the Collective Bargaining Agreement has in place a grievance mechanism that is devoid of arbitration, arbitration will not be imposed by 43 P.S. § 217. *W. Lampeter Twp. v. Police Officers of W. Lampeter Twp.*, 598 A.2d 1049, 1051 (Pa Commw. Ct. 1991).

The pertinent sections of the Agreement between Montgomery County and its detectives read:

18. Grievance and Arbitration Procedure

(a) A grievance shall be defined as any dispute involving the application or interpretation of the Agreement or in matters of discipline….

GRIEVANCE PROCEDURE

STEP #1
A. Department Head: If the employee and his/her immediate supervisor cannot resolve a grievance informally, the employee shall send a written statement (E-mail is not acceptable nor proper) of his/her grievance to the Department Head within fifteen (15) calendar days of when the

5

employee becomes aware of the grievance. The Department Head receiving the written grievance shall meet with the employee and their representative if so desired, within ten (10) days, and other appropriate persons in a good faith effort to resolve this grievance. The Department Head shall give the employee a written decision within ten (10) calendar days following the meeting.

STEP #2

A. Row Officer: (District Attorney of Montgomery County) In the event that no satisfactory solution is reached at the first step, the employee may appeal the grievance to the District Attorney or his/her designee. Such an appeal must be made within ten (10) calendar days after the rendering of the decision as a result of the first step or after the decision at the first step should have been made. The employee shall make a written statement of his/her grievance and why the decision, if one is rendered, is wrong, and if no decision is rendered, what the employee feels the decision should be. The Row Officer or his/her designee will convene a fact finding meeting of the involved parties within fifteen (15) days of receiving and written grievance. The Row Officer or his/her designee shall then render a decision within sixty (60) calendar days, unless extended by mutual agreement for no more than thirty (30) days.

B. This is the final step of the grievance procedure and there will be no further remedy once the decision is handed down by the Row Officer or his/her designee.

Entire Agreement. The Memorandum of Understanding, together with all other County personnel publications, unless specifically contrary to the Arbitration Award of July 5, 1994 or the Supplemental Award of April 18, 1995, shall constitute the entire Agreement between the parties and there are no verbal understandings, conditions, or stipulations aside from the terms set forth herein and in any said publications which are relevant to this Agreement.

Roberts claims that the Agreement allows for arbitration because both the title to section 18 and the reference to an "Arbitration Award" imply such. Furthermore, Roberts argues that the District Court failed to demonstrate with "positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted

dispute." *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986).
We disagree.

We recognize the strong federal policy of using arbitration to resolve labor disputes. *See, e.g.*, *Rite Aid of Pa., Inc. v. United Food & Commercial Workers Union, Local 1776*, 595 F.3d 128, 131 (3d Cir. 2010); *United Parcel Serv., Inc. v. Int'l Bhd. of Teamsters, Local Union No. 430*, 55 F.3d 138, 141 (3d Cir. 1995). However, "a party cannot be required to submit to arbitration unless he has 'agreed to submit.'" *In re Cont'l Airlines, Inc.*, 484 F.3d 173, 182 (3d Cir. 2007) (quoting *AT&T Techs.*, 475 U.S. at 648).

Here, despite the Agreement's title to section 18 and mention of an Arbitration Award, the grievance procedure does not allow for arbitration. Rather, "the Agreement clearly provides for a two-step grievance procedure [and] . . . [h]aving freely bargained for the grievance procedure, the parties are bound by it." *W. Lampeter Twp.*, 598 A.2d at 1051. Furthermore, the Agreement is clear that the document, including the grievance procedure, represents the parties' entire agreement. As the Agreement contains a grievance procedure that does not include arbitration, 43 P.S. § 217 does not provide Roberts with a right to arbitration. *Id.*

Because the first element needed for a preliminary injunction is not satisfied, Roberts' request must be denied. Moreover, the District Court properly exercised its discretion in declining to hold an evidentiary hearing because the language of the

7

Agreement is not disputed and its meaning is clear.  *See Kos Pharmaceuticals, Inc. v. Andrx Corp.*, 369 F.3d 700, 719 (3d. Cir. 2004).

IV.

For the foregoing reasons, we will affirm the judgment of the District Court.